601 P.2d 541 (1979)
Francis B. CLAUSEN, Jenny Lee Clausen and the Converse County Bank, Guardian of the Estates of Marilyn D. Clausen, Everett Lee Clausen and Perry Allen Clausen, Minors, Appellants (Defendants below),
v.
Kathlynn Ann BOLAND, Thomas Joseph Boland and Michael Raymond Boland, Appellees (Plaintiffs below).
No. 5110.
Supreme Court of Wyoming.
October 19, 1979.
Frank D. Peasley and Robert C. Wilson, Douglas, for appellants.
Morris R. Massey and Claude W. Martin, of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellees.
Before RAPER, C.J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.
ROSE, Justice.
This controversy involves the issue of whether appellants-defendants are entitled to reformation of a quitclaim deed so as to restrict the deed to the surface estate and retain the mineral estate. We will affirm the trial judge's denial of reformation.
On June 1, 1973, Francis and Jenny Clausen (Clausen parents) sold by quitclaim deed all their interests in two sections of land to Arden Boland (Boland mother), *542 guardian of the estates of Kathlynn Ann Boland, Thomas Joseph Boland and Michael Raymond Boland (Boland children). At the time of the sale, the Clausen parents owned the surface estate in those two sections as well as 320 net acres of mineral estate. Thereafter, Francis Clausen undertook to convey this same mineral interest to his children and wife by deed which was recorded on June 6, 1973. The Boland children, plaintiffs-appellants, initiated a quiet title action which asks that title to the minerals be quieted in them, and the Clausens counterclaimed seeking reformation of the quitclaim deed.
The Clausens appeal from the trial court's refusal to reform the deed and phrase their argument this way:
"THE TRIAL COURT ERRED IN NOT ALLOWING THE USE OF PAROL EVIDENCE IN DETERMINING WHETHER OR NOT THERE WAS SUFFICIENT SHOWING FOR REFORMATION OF THE DEED DUE TO THE MUTUAL MISTAKE ON ONE SIDE AND FRAUD OR INEQUITABLE CONDUCT ON THE OTHER SIDE IN THE PURCHASE OF LAND AND MINERAL RIGHTS."
The case was tried to a judge who issued specific findings of fact and conclusions of law. Early in the trial, the judge announced a liberal policy on the admissibility of evidence since there was no jury. According to this policy, the Clausen parents were permitted to testify that they thought they were conveying only the surface rights. Appellants' argument is, in the main, premised strongly on the following two conclusions of law of the trial judge:
"6. The testimony that Francis Clausen and Jenny Clausen thought that they were executing a quitclaim deed conveying only Clausen's interest in the surface estate of the 1280 acres is merely evidence varying and contradicting the unambiguous quitclaim deed which conveyed to plaintiffs all interest of Francis B. Clausen in the subject lands, including his interest in the minerals. That cannot be done by parol evidence.
"7. Applying the parol evidence rule to the instant case, this Court concludes that the provisions of the quitclaim deed (Plaintiffs' Exhibit 2) are plain, clear and unambiguous and susceptible of only one interpretation. Said quitclaim deed may not be contradicted, altered, added to or varied by parol or extrinsic evidence."
Appellants apparently argue that conclusion number six is in error and that conclusion number seven impeaches the trial court's decision since it shows the decision to be based on the incorrect conclusion number six.
We observe that the trial judge also made the following conclusion of law:
"2. Edward Boland [father of the Boland children] acted in good faith in his dealings with defendant Francis B. Clausen. Edward Boland did not engage in any fraud or deception of Francis Clausen. Edward Boland did not conceal any material fact in connection with the purchase of Francis B. Clausen's 50% interest in the minerals underlying the subject lands."
This conclusion finds adequate support in the record in that Edward Boland testified that he informed both of the Clausen parents that the Bolands would get the minerals as well as the surface acreage under the deal. The conclusion is also supported by the following findings of fact by the judge:
"18. Edward M. Boland had negotiated with defendant Francis B. Clausen with regard to the purchase and sale of Clausen's entire interest in the surface of the 1280 acres and Francis Clausen's 50% interest in the minerals underlying the subject lands. Francis Clausen and Jenny Clausen were fully informed that the interests which Boland intended to purchase included Francis Clausen's mineral interest in the subject lands.
"19. At the time the quitclaim deed was obtained and paid for, neither Edward Boland nor Arden Boland had knowledge that defendants Francis B. Clausen and Jenny Lee Clausen intended to reserve the minerals under the subject lands or that Francis Clausen intended to *543 convey the minerals to his wife and children."
Since the judge found Boland to be in good faith, and since the evidence clearly supports this finding, we need not consider the issue of whether parol evidence is properly considered in an action for reformation where the party seeking reformation alleges "mutual mistake on one side and fraud or inequitable conduct on the other side." We do not find that the trial judge's finding of good faith on the part of Boland was premised on any false legal conclusions.
When there is evidence to sustain a trial court's finding, this court will not interfere with that finding unless it is clearly erroneous or so totally against the evidence as to be manifestly wrong. Bowen v. Korell, Wyo., 587 P.2d 653, 655 (1978).
Affirmed.