601 P.2d 543 (1979)
Florence M. SKINNER, Appellant (Plaintiff below),
v.
Jess SKINNER and Rolling Hills Ranch, a Wyoming Corporation, Appellees (Defendants below).
No. 5137.
Supreme Court of Wyoming.
October 22, 1979.
*544 Lowell H. Fitch, Torrington, for appellant.
Michael E. Warren, Torrington, for appellees.
Before RAPER, C.J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.
ROSE, Justice.
This appeal involves a warranty deed in which a husband and wife, experiencing marital difficulties, deeded land to a close corporation, the shares of which were then divided unequally between them. At trial and after the divorce, the ex-wife sought to have the conveyance to the corporation declared invalid on the ground that it was procured through undue influence. On appeal, the ex-wife, appellant, must persuade us that the trial judge's finding against her was clearly erroneous. This she has not done and we will, therefore, affirm the trial court's judgment.
In 1971 and 1972, Florence and Jess Skinner, appellant and appellee respectively, deeded 5,400 acres of land to a close corporation they had formed for the agreed-upon purpose of estate tax planning. At the time of the conveyance, 3,400 of these acres were jointly owned by Florence and Jess, while the remainder of the acreage was solely owned by Jess. Florence initially received 20 of the 216 shares of the corporation and Jess received the remainder. It was, however, understood that Florence and their four children would receive additional shares and, in 1978, at the time of the trial of the issues with which we are here concerned, Florence owned 43 of the 216 shares of the corporation, their four children owned 60 of the shares, and Jess owned 113 or 52% of the shares.
In 1973, the Skinners negotiated a property settlement in contemplation of divorce. The agreement provided for the last-described distribution of stock and, in addition, provided that each would receive $89,700.00 in contract payments, Florence would receive the Torrington home of the parties, all of the household furnishings, the family auto and $15,000.00 in cash. It provided that Jess would receive the 180 head of livestock and the farm machinery.
We pause to observe that appellant attaches significance to the fact that she had not received any income as a shareholder in the corporation. When this case was tried below, the corporation had not paid any dividends or salaries and income had been utilized to make improvements. Appellant has not presented this court with any facts or arguments to the effect that she is either unable to dispose of her shares for a fair price or that she, as a minority shareholder, is without a remedy if she is dissatisfied with the way the corporation is being operated. We do not, therefore, consider the fact that the corporation has not paid a dividend as persuasive for the proposition that the appellant received either a disproportionate or no consideration for her interest in the land she deeded to the corporation.
*545 At trial, appellant produced testimony tending to show that she was a dependent person who trustingly and unwittingly signed whatever her husband put in front of her. But there was contrary testimony by her husband and children to the effect that appellant was, indeed, capable of making her own decisions and negotiating on her own behalf. During the settlement negotiations involved in the divorce, Mrs. Skinner refused legal advice that she hire her own attorney and she insisted upon negotiating for herself. Jess testified that he had not attempted to force his will on the appellant.
In the recent case of Brug v. Case, Wyo., 600 P.2d 710 (1979), we discussed the test for determining if a deed between a husband and wife was the result of undue influence. Clear proof of suspicious circumstances, defined in Brug supra, and In re Draper's Estate, Wyo., 374 P.2d 425, 430-431 (1962), is the first requirement. A family relationship by itself is not a suspicious circumstance. Brug, supra; and Zullig v. Zullig, Wyo., 502 P.2d 198, 202 (1972). Husband and wife are presumed to be equally capable of making and understanding a contract. Laird v. Laird, Wyo., 597 P.2d 463 (1979).
In the absence of special findings of fact  which a party may request under Rule 52(a), W.R.C.P.  this court must consider that the trial court's judgment carries with it every finding of fact supported by the evidence. P & M Cattle Co. v. Holler, Wyo., 559 P.2d 1019, 1024 (1977). A judgment will be affirmed on any legal ground appearing in the record. Id. When there is evidence to sustain a trial court's finding, this court will not interfere with that finding unless it is clearly erroneous or so totally against the evidence as to be manifestly wrong. Bowen v. Korell, Wyo., 587 P.2d 653, 655 (1978); and Clausen v. Boland, Wyo., 601 P.2d 541 (1979).
Applying the above rules, we find that there was sufficient evidence from which the trial judge could have concluded that appellant failed to present clear proof that the relationship between the two Skinners was such as give rise to suspicions of undue influence. Consequently, we find support for the trial court's judgment against appellant.
Affirmed.