WYOMING PUBLIC SERVICE
COMMISSION, Appellant (One
of defendants below),

v.

Wayne D. HOPKINS, Louis S. Michelina,
L. C. Garretson, Bonnie Voiles, Dorothy
Cook, Will Mitchell, Bernice E. Peyrot,
Melvin C. Focht, Kim Rice, Mrs. Harry
Rasmussun, Russell Snider, Kelly Rice,
Robert Sickler, Carrine Pence, Don L.
Roush, Mrs. H. O. Hudson, Mrs. Mike
Kuzara, Mrs. Vernon Tietjen, Mrs. Gail
Eaton, Mrs. Henry Baumgartner, Paul J.
Auzqui, Ross L. Frady, William C.
Campbell, Ray C. Yates, James R. Ev-
ans, James P. Myers, Mrs. Tony Rosalez,
Sandy McKenzie, Mr. and Mrs. Roy
Wood, James and Vida Ann Roebling,
Mr. and Mrs. W. C. Dexter, Mr. and Mrs.
Albert Jennings, Herbert Arndt, Bud
Crawford, Mr. and Mrs. Mary Betz, Mr.
and Mrs. Lenney Gray, Mr. and Mrs. K.
L. Korp, Mr. and Mrs. August Panian,
Mr. and Mrs. A. G. Panian, Alex Kauf-
mann, L. A. Wuthier, Robert Kaufmann,
Harry Senff, Tom Dixon, Bruce Collins,
Byron Collins, Neltje Kings, Robert Mil-
ler, Robert G. Miller, Earl Ellenwood,
Kenneth Ellenwood, Ethel E. Hawkey,
Carolyn R. Fowler, Pegge A. Cooksley,
Robert E. Todd, George R. Smith, Frank
Krezelok, Leon Hawkey, J. R. Mitchell,
George Schuman, Jr., Tracy K. Mumma,
Paul Landeck, Gary L. Duncan and Les-
lie P. Schuman, Appellees (Plaintiffs be-
low).

SHERIDAN–JOHNSON RURAL ELEC-
TRIFICATION ASSOCIATION, Appel-
lant (One of defendants below),

v.

Wayne D. HOPKINS, Louis S. Michelina,
L. C. Garretson, Bonnie Voiles, Dorothy
Cook, Will Mitchell, Bernice E. Peyrot,
Melvin C. Focht, Kim Rice, Mrs. Harry
Rasmussun, Russell Snider, Kelly Rice,
Robert Sickler, Carrine Pence, Don L.
Roush, Mrs. H. O. Hudson, Mrs. Mike
Kuzara, Mrs. Vernon Tietjen, Mrs. Gail
Eaton, Mrs. Henry Baumgartner, Paul J.

Auzqui, Ross L. Frady, William C.
Campbell, Ray C. Yates, James R. Ev-
ans, James P. Myers, Mrs. Tony Rosalez,
Sandy McKenzie, Mr. and Mrs. Roy
Wood, James and Vida Ann Roebling,
Mr. and Mrs. W. C. Dexter, Mr. and Mrs.
Albert Jennings, Herbert Arndt, Bud
Crawford, Mr. and Mrs. Mary Betz, Mr.
and Mrs. Lenney Gray, Mr. and Mrs. K.
L. Korp, Mr. and Mrs. August Panian,
Mr. and Mrs. A. G. Panian, Alex Kauf-
mann, L. A. Wuthier, Robert Kaufmann,
Harry Senff, Tom Dixon, Bruce Collins,
Byron Collins, Neltje Kings, Robert Mil-
ler, Robert G. Miller, Earl Ellenwood,
Kenneth Ellenwood, Ethel E. Hawkey,
Carolyn R. Fowler, Pegge A. Cooksley,
Robert E. Todd, George R. Smith, Frank
Krezelok, Leon Hawkey, J. R. Mitchell,
George Schuman, Jr., Tracy K. Mumma,
Paul Landeck, Gary L. Duncan, and Les-
lie P. Schuman, Appellees (Plaintiffs be-
low).

Nos. 5125, 5125A.

Supreme Court of Wyoming.

Nov. 9, 1979.

John D. Troughton, Atty. Gen. and Thomas J. Carroll, III, Asst. Atty. Gen., for appellant-Wyoming Public Service Com'n.

Robert W. Connor, Jr. of Kennedy, Connor & Healy, Sheridan, for appellant-Sheridan-Johnson Rural Electrification Ass'n.

Henry A. Burgess of Burgess & Davis, Sheridan, for appellees.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

Appellants, Wyoming Public Service Commission (hereinafter the Commission) and Sheridan-Johnson Rural Electrification Association (hereinafter R.E.A.), appeal from a district court order which set aside an order of the Commission. We find that the district court based its decision on the erroneous assumption that the issue with which it was concerned had previously been resolved with respect to the issues and parties before us in this action. Accordingly, we will reverse the judgment of the district court and remand this case for a resolution of the issues upon their merits.

THE RES JUDICATA ISSUE

In 1950, appellant-R.E.A. displaced the Montana Dakota Utility Company in a service area in Northern Wyoming known as the Clearmont Acquisition Area (hereinafter Clearmont). At that time, it appeared that the change in utility companies would result in higher electricity costs for customers in the Clearmont area unless they were granted a preferential rate, as compared to other areas served by the R.E.A. A preferential rate was, in fact, granted *to the Clearmont area customers.*

The controversy with which we are concerned in this appeal was triggered when, in 1977, the Commission issued what we will identify as its "Sub 3 Order," which permitted the R.E.A. to charge uniform rates *throughout its service area.* This had the effect of abolishing the preferential rate enjoyed within the Clearmont area. The Clearmont parties appealed the "Sub 3 Order" to the district court, which set the order aside on the ground that previous litigation, resulting in what we will call the "Sub 5 Order," was *res judicata* to the issues out of which the "Sub 3 Order" emanated. The effect of the district court's holding was to reaffirm the preferential rate for Clearmont.

In the earlier "Sub 5 Order," the Commission held that only those customers within the Clearmont area who had originally been served by Montana Dakota were entitled to the preferential rate. The order was appealed to the district court, which set it aside:

"IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that the commission require that the Sheridan-Johnson Rural Electrification Association not charge those defendants who are customers in the 'Clearmont Acquisition Area' rates in excess of those set forth in the orders of the commission dated March 31, 1950 and June 13, 1961, until such rates may be changed by proper statutory proceedings."

In setting aside the Commission's "Sub 3 Order," the district court relied upon and grounded its decision in its previous judgment which struck down the Commission's "Sub 5 Order." The district court said:

". . . [T]he Order entered by the Commission dated February 25, 1977 and entered as Docket No. 9392 SUB 3 contains a finding # 8 at page 25 of said order which states '8. The issue of Applicant's dual rate administration within the Cleramont [sic] Area was considered and decided under separate final order dated December 23, 1976 (Docket 9392 Sub 5). 8 Footnote 8 'We take official notice that Clearmont appealed our decision on

* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, by order of this court entered on January 1, 1979.

January 21, 1977, to the District Court in and for Sheridan County, Wyoming.

"The court further finds that an Order was entered June 14, 1978 in the case referred to in Footnote # 8 . . . which order decreed that the parties who were customers in the 'Clearmont Acquisition Area' not be charged rates in excess of those set forth in the orders of the Commission . . . until the rates be changed by proper statutory proceedings.

"The Court further finds that since the order referred to in # 8 was set aside there was no basis for such a finding of fact and the resulting conclusions of law.

"The Court further finds that the Order of the Commission dated February 25, 1977 should be set aside as it applies to the rates to be charged to the parties who are both Plaintiffs-Appellants herein and customers in the 'Clearmont Acquisition Area.'

"IT IS THEREFORE HEREBY ORDERED that the Order of the Commission dated February 25, 1977 and entered in Docket No. 9392 Sub 3 be and it is hereby set aside . . . until such rates may be changed by proper statutory proceedings."

Appellant-Commission argues that the district court has reversed it on the erroneous ground that the court thought it had already adjudicated the issue. We agree. The substantive issue in the first case involved the issue of whether everyone in the Clearmont area or just original Montana Dakota customers in the Clearmont area would get the preferential Clearmont area rates. The substantive issue in the second case involved the very validity of preferential rates in the Clearmont area as opposed to the rest of the utility's service area. The procedural issue in both cases apparently involved the issue of whether the Commission observed "proper statutory proceedings." However, the two orders of the Commission, at the very least, had different procedural histories. The bald conclusion of the district court that the proceeding resulting in the first order was defective does not necessarily determine the validity of the proceeding resulting in the second order.

This conclusion is in accord with the black-letter law of res judicata.

In *Bard Ranch Company v. Weber*, Wyo., 557 P.2d 722, 727 (1976), we quoted the United States Supreme Court:

" 'But where the second action between the same parties is upon a different cause or demand, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but "only as to those matters in issue or points controverted, *upon the determination of which the finding or verdict was rendered.*" Cromwell v. County of Sac, supra [94 U.S. 351, 353, 24 L.Ed. 195 (1876)]' " *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597–598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1947). [Emphasis supplied]

We also said in *Bard Ranch* that

"only those facts and matters involved in the prior suit which were *actually or necessarily adjudicated* are conclusively established." 557 P.2d at 727.

The bald finding of the district court in the earlier case (that the Commission's Sub 5 order was not properly promulgated) did not actually or necessarily adjudicate the validity of the Commission's Sub 3 order. Nor can we say that the district court's decision in the first case was rendered upon a determination that the procedural development of the later Sub 3 order was improper.

## DISPOSITION OF THE CASE

The litigants have extensively briefed other arguments for affirming or reversing the order of the district court judge. However, we do not feel it appropriate to reach these other issues.

Our appellate rules provide for a great deal of deference to the trial court; e. g., a judgment will be affirmed on any legal ground appearing in the record. *Skinner v. Skinner*, Wyo., 601 P.2d 543 (1979); *P & M Cattle Co. v. Holler*, Wyo., 559 P.2d 1019,

1024 (1977). Almost all of our cases involve an appeal from a district court sitting as a trial court. It is important. to distinguish the usual situation from the case at Bar in which the district court sat as an appellate court.

When the district court sits as an appellate court to hear an appeal from an administrative agency, the district court is not entitled to any great deference. Indeed, in such a case the deference owed the fact finder's determination of fact belongs to the administrative agency[1], not the district court. *Board of Trustees, Laramie County School District No. 1 v. Spiegel*, Wyo., 549 P.2d 1161 (1976).

We will not undertake a review of an agency decision appealed to the district court without first providing the agency and the district court an opportunity to address the issues. *Tri-State Generation v. Environmental Quality*, Wyo., 590 P.2d 1324, 1328 (1979). The district court has not addressed any issue except the claim of res judicata.

For the above reasons, we must reverse the order of the district court (which set aside the order of the Commission) and remand to the district court for consideration of the merits of the appeal.

Reversed and remanded.

---

1. To avoid any possibility of misinterpretation, we hasten to point out that the analogy between an administrative agency and a trial court has definite limitations. Important distinctions may exist between the two with respect to our rules of appellate procedure. For example, in the absence of special findings of fact this court must consider that the trial court's judgment carries with it every finding of fact supported by the evidence. *Skinner, supra*; and *P & M Cattle, supra*. But in *Geraud v. Schrader*, Wyo., 531 P.2d 872, 879 (1975), cert. den. *Wind River Indian Ed. Ass'n, Inc. v. Ward*, 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975), we held that it is insufficient for an administrative agency to state only an ultimate fact or conclusion.