Ivan HAMMOND, Appellant (Employee-Claimant below),

v.

HITCHING POST INN and Wyoming State Treasurer, By and Through its Department of Workmen's Compensation, Appellees (Employer-Defendant and Objector-Defendant below).

No. 4361.

Supreme Court of Wyoming.

June 25, 1974.

Edward L. Grant, Osborn & Grant, Cheyenne, for appellant.

David A. Kern, Sp. Asst. Atty. Gen., Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

Ivan Hammond worked as a maintenance man at the Hitching Post Inn for about 20 years. He claims he was required to work in confined spaces, such as attics, crawl spaces, and basements, in which there were accumulations of dust which he breathed into his lungs. He also claims he was subjected to temperature changes, such as going from steam cleaning in the kitchen to the out-of-doors.

The workman has alleged that his working conditions disabled him—by causing chronic bronchitis and compelling him to cease his employment. When his employment was discontinued Hammond filed for medical and disability benefits under the Wyoming Occupational Disease Law, §§ 27–288 to 27–309, W.S.1957, 1974 Cum. Supp., alleging disease or injury due to inhalation of dust.

At first, orders of award were entered; but the State Treasurer petitioned to re-open. The case was re-opened and trial was had on Hammond's claim for compensation. After hearing, the district court entered an order dismissing claimant's claim and Hammond has appealed from the order of dismissal. Inasmuch as the trial court found in favor of the state treasurer and against the claimant, our question really becomes this: Was the evidence such as to mandate judgment for the claimant as a matter of law? Or, did the claimant meet his burden of proving that dust or something else in his working conditions caused his chronic bronchitis?

As can be readily seen from the list of compensable occupational diseases in § 27–290(a), W.S.1957, C.1967, 1973 Cum.Supp., chronic bronchitis is not included. If chronic bronchitis is a compensable occupational disease at all, it must come within the provisions of § 27–290(b), W.S.1957, C.1967, 1973 Cum.Supp., which reads as follows:

" 'Occupational pneumoconiosis' as a compensable occupational disease shall

not mean any pulmonary disease with a diagnosis of emphysema that cannot be fairly traced to the employment, but shall mean silicosis, silituberculosis, asbestosis, anthracosis, anthracosilicosis, siderosis and other diseases of the lungs, which are the direct result of the inhalation of dust, fibers or particulates including cement dust, bentonite dust, bituminous coal dust, grain dust, stone or rock dust, wood dust and dust or fibers from gypsum, talc and trona, arising out of the employment."

Also, the term "occupational disease" is defined in § 27–289(a), W.S.1957, C.1967, 1973 Cum.Supp., as a disease contracted secondary to injurious exposure to environmental factors or hazards that are part of the employee's working conditions in extrahazardous occupations and that due to toxic materials or work conditions which would, "independently of any other cause" produce the disease for which a claim is sought.

The record indicates appellant has failed to prove his chronic bronchitis resulted from work conditions which, "independently of any other cause," produced the disease for which compensation is sought.

Moreover, appellant has failed to meet the burden of proof required by § 27–297 (a), W.S.1957, 1973 Cum.Supp., which reads as follows:

"The burden in contested cases shall be upon the employee to make proper proof of his claim by a preponderance of the evidence, and to likewise prove by competent medical authority that this claim arose out of and in the course of his employment by showing by a preponderance of such evidence that:

"(i) There is a direct causal connection between the condition under which the work is performed and the occupational disease,

"(ii) The disease can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment,

"(iii) The disease can be fairly traced to the employment as the proximate cause,

"(iv) The disease does not come from a hazard to which workmen would have been equally exposed outside of the employment,

"(v) And the disease is incidental to the character of the business and not independent of the relation of employer and employee."

Dr. Clinton F. Merrill, claimant's doctor, testified explicitly that claimant was a heavy cigarette smoker, and the doctor felt this was a factor—a very heavy factor. In the doctor's opinion, heavy cigarette smoking could have contributed as much to bronchitis as did dust. He also said it could just as easily have come from a hazard to which the workman would have equally been exposed outside of his employment.

Speaking particularly of the smoking, Dr. Merrill testified Hammond was pretty stubborn and he could not get him to stop smoking. He said Hammond was pretty much addicted to the cigarettes. When asked specifically if he could state with certainty that Hammond's chronic bronchitis was caused by his employment conditions, Dr. Merrill answered, "No, I cannot." He also testified he could not say the bronchitis was caused by dust.

It is apparent from what we have said that appellant has not shown prejudicial error in connection with the dismissal of his claim.

Affirmed.