**In the Matter of the Injury to Leon G. DeFORREST, an employee of Wyoming Mineral Corporation.**

**STATE of Wyoming ex rel. WORKER'S COMPENSATION DIVISION, Appellant (Objector-Defendant below),**

**Wyoming Mineral Corporation, Appellant (Defendant-Employer),**

v.

**Leon G. DeFORREST, Appellee (Plaintiff-Employee).**

**No. 5187.**

Supreme Court of Wyoming.

Dec. 4, 1979.

John D. Troughton, Atty. Gen., and Peter J. Mulvaney, Deputy Atty. Gen., Cheyenne, for appellant, State of Wyoming ex rel. Worker's Compensation Div.

W. Thomas Sullins, II of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant, Wyoming Mineral Corp.

Greg L. Goddard, County and Pros. Atty., Johnson County, Buffalo, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This is an action brought by worker Leon G. DeForrest under the Wyoming Worker's Compensation Act, §§ 27–12–101 to 27–12–805, W.S.1977, 1979 Cum.Supp. Mr. DeForrest has claimed benefits for medical and hospital services and temporary total disability, resulting from pneumonia which he says was incurred as an injury while working for his employer. His employer, Wyoming Mineral Corporation, objected to the award of the benefits and the matter was thereafter litigated before the appropriate district court for the State of Wyoming, where the judge found for the worker.

We will reverse.

During the week of January 18, 1978, the employee was working at the jobsite cut-ting pipe and pouring cement in temperatures down to –25 degrees Fahrenheit. He fell ill on or about January 19, 1979, saw a physician, and was hospitalized January 22 for pneumonia. DeForrest claimed he missed work because of the pneumonia from January 22, 1979, until February 16, 1979.

Mr. DeForrest urges that pneumonia is a compensable injury under § 27–12–102(a)(xii), W.S.1977, 1979 Cum.Supp., which provides:

"(xii) 'Injury' means any harmful change in the human organism other than normal aging, and includes damage to or loss of a prosthetic appliance and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer, incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. The term does not include:

"(A) Any communicable disease unless the risk of contracting the disease is increased by the nature of the employment;"

The worker contends that under the facts of record he comes within the exception of subsection (a)(xii)(A), supra, in that the evidence in his case supports a finding that the risk of contracting pneumonia at the employer's plant is increased by the nature of the employment, and—of course—his position must be that he did in fact contract the disease while engaged in his covered employment. The "nature of the employment" which DeForrest contends qualifies his recovery under the subsection (a)(xii)(A) exception pertains to the extremely cold temperatures in which he was admittedly obliged to work at the time when he alleges he contracted pneumonia.

Appellant-Wyoming Mineral Corporation states the issues to be these:

"A. WHETHER PNEUMONIA IS A COMMUNICABLE DISEASE WHICH IN THIS CASE, AS A MATTER OF LAW, CANNOT BE

INCLUDED WITHIN THE DEFINITION OF 'INJURY' UNDER THE WYOMING WORKER'S COMPENSATION ACT?

"B. WHETHER THE COURT BELOW ERRED IN ITS DECISION BECAUSE THE APPELLEE–CLAIMANT FAILED TO SUSTAIN HIS BURDEN TO SHOW:

"1. THE RISK OF CONTRACTING THE DISEASE PNEUMONIA WAS INCREASED BY THE NATURE OF HIS EMPLOYMENT, AND

"2. BY COMPETENT MEDICAL AUTHORITY THAT HIS CLAIM AROSE OUT OF AND IN THE COURSE OF HIS EMPLOYMENT."

We will dispose of this matter by directing our attention solely to the issue described in "B 2" above.

*Burden of Proof*

The burden-of-proof statute with which we are concerned is § 27–12–603, W.S.1977, which, in relevant part, provides:

"(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to make proper proof of his claim by a preponderance of the evidence, *and to also prove by competent medical authority* that his claim arose out of and in the course of his employment, by showing by a preponderance of evidence that:

"(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

"(ii) The injury can be seen to have followed a natural incident of the work as a result of the employment;

"(iii) *The injury can fairly be traced to the employment as a proximate cause*;

"(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

"(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee." (Emphasis supplied)

The only medical testimony submitted by either party comes by way of a letter from the worker's doctor, which was stipulated into evidence. The pertinent part of this letter states:

". . . He did not respond and x-rays taken at time of admission to the hospital revealed the upper lobe pneumonia. *As far as his employment, leading to. this illness, it is impossible to say at the present time.* If it was over 48 hours from the time of exposure to cold weather and snow to the onset of the illness, it could be a contributing factor. However, it would also be necessary to have the organism before the pneumonia could occur. In view of this, it is my opinion that exposure could be a contributing factor but is not the only factor and it would have to be within the time frame described." (Emphasis supplied)

This letter is so vague, indefinite and inconclusive that it hardly helps the worker at all. Certainly it does not serve to discharge the burden of proof which is imposed upon him by the statute.

Paraphrased, the letter seems to say:

(a) "It is impossible to say" whether the pneumonia is connected with the worker's employment.

(b) If the time span ["it"] was greater ["over"] 48 hours between exposure and illness—"it could be a contributing factor."

(c) For "b" above to be a possibility, the organism (unidentified) must be present before the pneumonia could occur.

(d) It is the doctor's opinion that "exposure *could*" be a contributing factor (resulting in pneumonia), "but it is not the only factor" and "would have to be within the time frame described." (Emphasis supplied)

We can at least conclude that the doctor has said that he cannot connect the exposure and the illness and even if there were some causal relationship he cannot say that

the exposure is the only factor contributing to the claimant's pneumonia.

This state of things leaves us with almost no decision-making duties to perform. Without going into any other alleged errors, we reiterate that the statute, § 27–12–603(a)(iii), W.S.1977, says the worker must show

"(a) . . . by *competent medical authority* . . .

\* \* \* \* \* \*

"(iii) The injury can fairly be traced to the employment as a proximate cause;" (Emphasis supplied)

The only medical authority of record is the worker's doctor's letter, where he says:

" . . . As far as his employment, leading to this illness, it is impossible to say at the present time. . . ."

The burden of proof has not been discharged.

Reversed.