Robert C. **SHAW**, Appellant (Employee-Claimant),

v.

**LEWMONT DRILLING ASSOCIATES, INC.**, Appellee, (Employer-Defendant).

v.

**STATE of Wyoming, ex rel. WORKER'S COMPENSATION DIVISION,** Appellee.

No. 84–63.

Supreme Court of Wyoming.

Jan. 25, 1985.

**118**

Robert C. Shaw, Gillette, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., signed the brief on behalf of appellee State of Wyoming.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant appeals a district court order denying his petition to reopen a worker's compensation claim originally filed in 1980. We affirm.

On February 8, 1980, Mr. Shaw suffered an injury to his right foot when he fell 15 feet from a tank he was cleaning while employed by Lewmont Drilling. This injury resulted in two lost workdays and an $85.00 medical bill. No further claims or bills were filed until the present action to reopen the case.

Appellant's issue on appeal is most concisely stated by appellee Worker's Compensation Division:

"I. DID THE DISTRICT COURT ACT PROPERLY IN DENYING APPELLANT'S APPLICATION FOR MODIFICATION PURSUANT TO SECTIONS 27–12–606 [1] AND 27–12–603(a),[2] W.S. 1977?"

Appellant, proceeding pro se, appears to have confused the standard of review on appeal with his burden of proof at the district court level. He claims that the district court judge must view all evidence presented in a light most favorable to him. Section 27–12–603(a), supra, places the burden of proof, by a preponderance of the evidence, on the employee seeking modification. This burden is not relieved by

---

1. Section 27–12–606 provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

2. Section 27–12–603(a) provides:

"(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to make proper proof of his claim by a preponderance

of the evidence, and to also prove by competent medical authority that his claim arose out of and in the course of his employment, by showing by a preponderance of the evidence that:

"(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

"(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

"(iii) The injury can fairly be traced to the employment as a proximate cause;

"(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

"(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee."

the rule that the worker's compensation statutes will be construed liberally whenever reasonably possible. *Jim's Water Service v. Eayrs,* Wyo., 590 P.2d 1346, 1351 (1979). The standard of review on appeal has been stated many times. This court views the evidence in a light most favorable to the prevailing party below, leaving out of consideration entirely any evidence in conflict therewith. *Wallis v. Luman,* Wyo., 625 P.2d 759, 764, 765 (1981). When reviewing a worker's compensation case, the reviewing court searches the record to determine the presence or absence of substantial evidence to support the district court. *Olson v. Federal American Partners,* Wyo., 567 P.2d 710, 712 (1977); *Lindbloom v. Teton International,* Wyo., 684 P.2d 1388, 1389 (1984). The judgment of the trier of fact will not be disturbed where it is supported by substantial evidence. *Lindbloom v. Teton International,* supra; *Consolidated Freightways v. Drake,* Wyo., 678 P.2d 874, 877 (1984).

█ Applying these standards, we find that appellant suffered a work-related foot injury on February 8, 1980. He also suffered an injury to the same foot just prior to a 1983 visit to the Campbell County Memorial Hospital. This injury was a result of playing basketball, and was, thus, clearly not work related. There is no evidence in the record connecting appellant's present condition, possible tarsal tunnel syndrome, with the work-related injury of 1980.

The record includes the reports of two doctors. Neither of these reports indicate any causal connection between the incident in 1980 and the present condition of appellant's foot, let alone a connection sufficient to sustain appellant's burden of proof under § 27–12–603(a). Dr. Baker reported in part:

"At the present time Mr. Shaw has asked questions directly regarding the possibility of this being related to the injury in 1980. Unfortunately, I was unable to assure him that this was related. I indicated to Mr. Shaw that there was no way to relate his present problems with his foot to the accident occuring [sic] at that time. At the present time his foot looks normal despite his complaints of pain. While I do not deny that there might be problems with the foot, I do not believe that they are related to the accident occuring [sic] on 2–8–80 while working for Lewmont Drilling."

Dr. More reported in part:

"I talked with Dr. Baker, the orthopedic surgeon in Gillette and he concurred with me that it is possible for Robert Shaw to have a tarsal tunnel syndrome. I feel however that there is no way medically that we can prove that the tarsal tunnel syndrome was a result of his accident of 2–3 years ago. I can state that the tarsal tunnel syndrome is a result of some trauma that has occurred to Robert Shaws [sic] foot."

The district court's order denying appellant's petition to reopen his worker's compensation case, being supported by substantial evidence, is affirmed.