**Robert HUNTEMAN, Appellant (Employee-Claimant),**

v.

**WARD TRANSPORT, INC., Appellee (Employer-Respondent).**

**No. 84–1.**

Supreme Court of Wyoming.

Oct. 10, 1985.

James W. Gusea, Vines, Gusea & White, P.C., Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, John Renneisen, Senior Asst. Atty.

Gen., and Terry J. Harris, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The only issue in this worker's compensation case is whether the evidence presented by the workman was sufficient to justify the modification of an award of temporary total disability payments upon the ground of increase in incapacity due solely to the injury or upon the ground of mistake. The district court concluded that the injured workman had not met his burden of proving either increase in incapacity due solely to the injury or mistake. We hold that the district court correctly dealt with this issue of fact. We affirm the order of the district court denying additional benefits.

The appellant set forth the issues in his brief as:

"I. Whether the Court erred in finding insufficient evidence of mistake to authorize a reopening of the Worker's Compensation Claim pursuant to W.S. § 27–12–606.

"II. Whether the Court erred in finding insufficient evidence of an increase of incapacity due solely to the injury to authorize a reopening of the Worker's Compensation claim pursuant to W.S. § 27–12–606."

In the brief on the part of the State of Wyoming, which appeared as the appellee in the matter, the issues are restated in this way:

"I. WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE DISTRICT COURT'S FINDING OF NO MISTAKE OR INCREASE OF INCAPACITY DUE SOLELY TO THE INJURY, AS THOSE GROUNDS ARE SET OUT IN SECTION 27–12–606, W.S.1977?

"II. DO APPELLANT'S ACTIONS IN FAILING TO ASSERT CLAIMS FOR TEMPORARY TOTAL DISABILITY BENEFITS UNTIL LONG AFTER THE PERIODS OF ALLEGED DISABILITY, AMOUNT TO A WAIVER AND ESTOPPEL CONCERNING SUCH CLAIMS?"

Robert Hunteman suffered an injury to his back while working for Ward Transport, Inc. When he bent over to pick up a hose which he had used in unloading his truck, he blacked out and fell to the ground. Upon regaining consciousness, he found he was suffering severe pain in his back. He then was transported to a doctor's office, and that doctor referred him to an orthopedic surgeon for further treatment. The orthopedic surgeon diagnosed Hunteman's injury as an acute lumbosacral strain. The doctor treated Hunteman's injury conservatively with traction, muscle relaxants, exercise, and a recommended weight loss program.

By a letter dated March 19, 1981, the orthopedic surgeon advised the clerk of the district court that he had released Hunteman to return to part-time work on November 10, 1980, and to full-time work in December 1980. After that, Hunteman filed a claim for temporary total disability for the period from August 22, 1980, until November 10, 1980, in the amount of $2,972.09, which was ordered paid by the district court on April 16, 1981. Hunteman continued to have problems, however, and upon further complaint to the orthopedic surgeon, some rather extensive diagnostic tests were performed in April 1981. These included a lumbar myelogram, a computerized tomography scan, and electrical myelographic studies. The product of these tests was that the orthopedic surgeon found no disc herniation, and he testified the tests confirmed his earlier diagnosis. He did say, however, that based upon Hunteman's continuing symptoms, he might have released him for work later than the November 10, 1980, date.

Hunteman continued to suffer from pain in his back, and he then sought and obtained permission to change doctors, and he was treated by a neurosurgeon. Tests performed by the neurosurgeon in the late summer and fall of 1981 disclosed a possible herniated disc. In February 1982 a laminectomy was performed on this disc by

the neurosurgeon, and the surgery apparently substantially alleviated Hunteman's symptoms. The neurosurgeon testified that he could not tell when the injury that produced the herniated disc occurred. He did testify that it was more probable than not that it existed when the orthopedic surgeon was treating Hunteman. Thereafter Hunteman filed additional claims for temporary total disability. One of these was filed December 22, 1982, and claimed total temporary disability from September 27, 1982, until December 26, 1982, in the amount of $4,401.90. On June 17, 1983, another claim for temporary total disability for the period from November 10, 1980, to September 26, 1982, was filed in the amount of $33,112.07. These claims were contested by Hunteman's employer.

After a trial of the contested claim in the district court, the district judge sent a rather complete opinion letter to counsel. The opinion letter served as the basis for an order which was entered denying the claims filed by Hunteman for additional benefits in the form of temporary total disability awards for the period from November 10, 1980, through December 26, 1982. The Order specifically provided that the decision letter be incorporated by reference as part of the order.

Essentially the district court found that the applications were to be considered under § 27–12–606, W.S.1977, for additional benefits or modification of the amount of the award for increase of incapacity due solely to the injury or on grounds of mistake. The court further found that the orthopedic surgeon did not find any evidence of a ruptured disc in April of 1981 when the extensive medical diagnostic tests were performed. According to the court's finding, the neurosurgeon was of the opinion that Hunteman had degenerative disc disease which was the actual cause that would allow rupture of a disc, that the precipitating factor for the rupture would be some movement of the back which could be quite innocuous, and that he could not tell when the disc had ruptured but based on the history given to him by Hunteman, he was of the opinion that it was more probable than not that the herniated disc had been present when Hunteman was treated by the orthopedic surgeon. The district court noted that the neurosurgeon testified the precipitating factor could as easily have occurred off the job as during the course of Hunteman's employment, and that the difference in the medical opinions may be explained by the fact that the neurosurgeon relied only upon information given to him by Hunteman.

The district court thereupon concluded that Hunteman had failed to prove by a preponderance of the evidence that his ruptured disc was an injury which arose out of his employment and that there was a causal connection between his injury on August 20, 1980, and any change of condition after he had been released by the orthopedic surgeon to return to work. The court also concluded that Hunteman's injury came from a hazard to which he would have been fully exposed outside of his employment and specifically that Hunteman had failed to prove that there was a mistake in the original award of compensation for the injury in the form of temporary total disability from August 20, 1980, to November 10, 1980, or that he had suffered any increase in incapacity due solely to the injury.

■ The parties are in accord that Hunteman's claims for additional benefits are presented under § 27–12–606, W.S. 1977. That statute provides in pertinent part as follows:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

In *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983), we discussed the application of this statute to a somewhat similar circumstance. In that case, the theory of the claimant was limited to mistake. We there noted that other jurisdictions limited relief under their statutes to situations in which a mistake in the determination of a material fact had been made by a fact finder. We concluded that Conn could not reopen his claim because he had not established that a mistake was made by a fact finder in the determination of any material fact. The same situation prevails in this instance. There was not mistake made by the district court in relying upon the advice of the orthopedic surgeon when the first award for temporary total disability was made. The doctor had released Hunteman for work on November 10, 1980. That award is subject to the concept of finality, and the burden of establishing the ground to reopen is upon the claimant. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985); *Conn v. Ed Wederski Construction Company*, supra. The same burden must pertain to establishing an increase of incapacity due solely to the claimed injury. This burden is no different from the usual burden of proof cast upon the injured workman in worker's compensation matters. *Rose v. Westates Construction*, Wyo., 703 P.2d 1084 (1985); *State ex rel. Worker's Compensation Division v. DeForrest*, Wyo., 603 P.2d 865 (1979); *Hammond v. Hitching Post Inn*, Wyo., 523 P.2d 482 (1974); *Amax Coal Co. v. Haynie*, Wyo., 592 P.2d 693 (1979). The difference with respect to § 27–12–606 is that the workman must meet the burden in order to have the claim reopened. If he succeeds in persuading the district court to reopen the claim, then he quite likely will have met his burden of proof to establish entitlement to additional awards, although that might not be true in all instances. Even though the claim were reopened, additional testimony at a hearing on the merits might persuade the trial court not to grant the additional award.

In this instance, there was testimony by the orthopedic surgeon that in April of 1981 his diagnostic testing did not disclose a herniated disc. The herniated disc was present later, but the medical experts agreed that it could result from mundane activities. The treating neurosurgeon testified that it was more probable than not that the herniated disc existed when Hunteman was treated by the orthopedic surgeon. This information in the record created a question of fact to be resolved by the district court. The district court found and concluded that Hunteman had failed to meet his burden of proof, and since there is evidence to support that conclusion by the district court, we will not adjust it on appeal. *Shaw v. Lewmont Drilling Associates, Inc.*, Wyo., 694 P.2d 117 (1985); *Consolidated Freightways v. Drake*, Wyo., 678 P.2d 874, 877 (1984); *Lindbloom v. Teton International*, Wyo., 684 P.2d 1388, 1389 (1984). We hold that the district court correctly found that Hunteman had failed to meet his burden of proof of showing an increase of incapacity due solely to the injury or the existence of a mistake.

We note the attempt on the part of the State of Wyoming to establish in this case a waiver or estoppel arising out of the failure to present the claim until a long time after the injury. We need not consider this issue in light of our disposition of the case. Furthermore, we should not consider it. The district court in the decision letter stated:

"Finally, it should be noted that the Court has not founded this decision upon doctrines of laches or estoppel as to this claimant and the delay incident to his submission of a claim in this case * * *. Neither party has raised those issues by pleadings or arguments made to the Court."

Under the circumstances, even if the State had filed a cross-appeal, we would be foreclosed from consideration of this issue because of the failure to raise it in the court below. *Dennis v. Dennis*, Wyo., 675 P.2d 265 (1984); *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983).

For the foregoing reasons, the judgment of the district court is affirmed.