**In the Matter of the INJURY TO Johny LOVEDAY, an Employee of Exeter Drilling.**

**Johny LOVEDAY, Appellant (Claimant),**

v.

**WYOMING STATE TREASURER, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector).**

**No. 85–84.**

Supreme Court of Wyoming.

Dec. 17, 1985.

Mark L. Hughes of Hughes & Dumbrill, Sundance, for appellant (claimant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen. (argued), for appellee (objector).

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

CARDINE, Justice.

The appellant, John Loveday, applied to the district court for modification of a worker's compensation award he had received following an oil rig accident. Neither the Wyoming Worker's Compensation Division nor Exeter Drilling, the appellant's employer, contested the application for modification. The district court, nevertheless, held a hearing and denied the application.

Appellant raises two issues on appeal and the appellee, the State of Wyoming, agrees that they are controlling. The two issues we must decide are:

> (1) whether the district court could lawfully conduct a hearing and deny the application for modification in the absence of it being contested by the State or by the employer; and

> (2) assuming that the district court's action was lawful, whether its denial is supported by the evidence.

We affirm.

## FACTS

On August 27, 1981, appellant suffered a severe back injury while working on an oil rig for his employer, Exeter Drilling. A period of disability and medical treatment ensued during which appellant filed for and received worker's compensation benefits. Eventually, appellant applied for a permanent partial disability rating of 65% of the man as a whole; and the court granted the application based on appellant's educational level, age, and chances for reemployment in jobs requiring physical labor. Appellant received his permanent partial disability award in two lump sums totaling $30,000.

Appellant continued to suffer severe back pain from his work-related injury and subsequently underwent surgery to remove Harrington rods that had been implanted in his back. Although the rods were successfully removed, appellant suffered a heart attack within a day after the surgery. Appellant's heart condition and continued back problems made it impossible for him to perform physical labor in the oil industry. More sedentary work was precluded by appellant's age, educational background and continued pain in his back and legs. He therefore requested that the district court modify his permanent disability rating from 65% to 100%.

The district court set the matter for a contested hearing and sent notices to appel-

---

\* ROSE, J., retired from the court November 1, 1985.

\*\* ROONEY, J., retired from the court November 30, 1985.

lant, the Worker's Compensation Division, and the employer. Neither the Worker's Compensation Division nor the employer appeared at the hearing to contest the application for modification. Appellant, his lawyer, and appellant's back surgeon, Dr. Baker, appeared and participated in the hearing. It was clear from Dr. Baker's undisputed testimony that appellant was 100% disabled, but it was not clear that the heart attack which increased the disability was caused by the surgery. During the taking of testimony, the court interrupted direct examination and asked Dr. Baker exactly when the heart attack occurred. Dr. Baker said that the heart symptoms had appeared almost immediately after surgery, meaning that afternoon or the next day. Dr. Baker's only other reference to causation occurred when he was asked about the level of appellant's disability. Dr. Baker stated:

"[A]t the time of his initial evaluation for disability, I thought that it was 65% related to the back only. Unfortunately, this was complicated by a—a complication at the time of surgery or shortly thereafter, while still in the hospital, with a heart attack, which, again, left him with some degree of limitation."

Then, in response to a straightforward question about the cause of the heart attack, Dr. Baker answered:

"Well, I guess one would have to say that the injury to his heart did occur at the time of surgery under an anesthetic. I only can say that because he—there were no complaints of this before and he did have trouble afterwards that I would have to voice my opinion on that reasoning."

This response concluded Dr. Baker's testimony.

At the close of the hearing, the district court denied appellant's application for a higher permanent disability rating. The court held that it could not view the case as "strictly a default matter"; that "the employee has an obligation to show his entitlement to benefits under the existing statutes"; that the court based its finding upon the evidence presented at the hearing; and, finally, that there had not been "sufficient credible evidence—medical or otherwise—to establish a causal link between the back surgery and the heart attack." Without that link, the appellant had not satisfied his burden of proving that there had been an "increase * * * of incapacity due to solely to the injury" as required by § 27–12–606, W.S. 1977 (June 1983 Replacement), the statute which allows modification of an award.

## THE DISTRICT COURT'S AUTHORITY TO HOLD AN UNCONTESTED HEARING

This is not the first time we have reviewed a trial court's decision to deny a worker's uncontested application for modification. Recently, we affirmed such a denial on grounds that the worker did not carry her burden of proving an increase in incapacity due solely to her original injury. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985). In Abas, both parties assumed that the district court had authority to hold a hearing and deny a modification though neither the employer nor the Worker's Compensation Division contested the application by the employee. In this case, however, appellant makes no such assumption but instead brings squarely before us the issue of the district court's authority to hear and deny an application that is not contested. Appellant argues that the Wyoming statutes do not authorize district courts to hold hearings or deny modification applications when neither the employer nor the Worker's Compensation Division contests the application.

It is true that there is no specific statute providing for a modification hearing when the application is uncontested. The elaborate hearing procedures set forth in §§ 27–12–602 through 27–12–605, W.S. 1977 (June 1983 Replacement), are designed for contested cases. Also, there is no statute which explicitly empowers the district court to deny uncontested applications for modification. Nevertheless, we believe that §§ 27–12–606 and 27–12–607,

W.S.1977 (June 1983 Replacement), implicitly permit the district court to hold hearings and deny those applications.[1]

Section 27-12-607 provides in part:

"Every award within the meaning of this act [§§ 27-12-101 through 27-12-804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various accounts provided under this act as to all matters involved."

This statute puts an application for modification on a much different footing than an initial claim. When a claimant applies for a modification, he is seeking to alter an award which was established by a final judicial determination. As we stated recently in *Hunteman v. Ward Transport, Inc.*, Wyo., 706 P.2d 1126, 1129 (1985), "[a worker's compensation award] is subject to the concept of finality, and the burden of establishing the ground to reopen is upon the claimant." See also *House v. State ex rel. Worker's Compensation Division*, Wyo., 701 P.2d 1162 (1985); *Matter of Abas*, supra, 701 P.2d 1153; *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983). Although Hunteman was a contested case, we see no reason why the same principle of finality does not apply to an uncontested case. Section 27-12-607 does not distinguish between contested and uncontested modifications. In either case, the underlying awards to be

modified are "award[s] within the meaning of this act" and thus subject to finality under § 27-12-607.

The finality principle of § 27-12-607 is not absolute. The legislature has attempted, through § 27-12-606, W.S.1977 (June 1983 Replacement), to "balance the concept of finality as applied to worker's compensation awards with the need to assure that injured workmen receive the full amount of any benefits to which they are entitled under the law." *Conn v. Ed Wederski Construction Company*, supra, 668 P.2d at 653. Section 27-12-606 was not intended to provide an easy means for the workman to obtain a modification. On the contrary, it provides quite limited grounds for modification. *Conn*, supra. It provides in part:

"Where an award of compensation has been made in favor of * * * an employee for any benefits under this act * * *, an application may be made to the clerk of district court * * * for * * * modification of the amount of the award on the ground of increase * * * of incapacity due solely to the injury, or upon grounds of mistake or fraud."

Besides providing limited grounds for modification, § 27-12-606 places the burden of proving those grounds upon the workman. In *Hunteman v. Ward Transport, Inc.*, supra, 706 P.2d at 1129, we stated:

1. In his brief, appellant argues that § 27-12-601(a), W.S.1977 (June 1983 Replacement), allows the district court clerk to pay a claim where there is no dispute and the claim appears free of collusion. Appellant ignores the fact that the statute also permits the clerk to order "denial of compensation in accordance with the facts he ascertained and the terms of this act." Moreover, we do not think that this section even applies to modification cases. This section begins with the clause, "If an injury or death resulting from injury is reported to the clerk of the district court of the county in which the injury occurred, in accordance with the provisions of this act * * *." This section is aimed at the clerk's duty to docket and approve or deny an initial claim, not a modification. We need not interpret this confusing statute which appears to have been thoughtlessly extracted from its statutory predecessor in 1975. Compare § 27-113, W.S.1957 (1967 Replacement), with

§ 27-12-601(a), W.S.1977 (June 1983 Replacement). See *Bauer v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 695 P.2d 1048, 1050 n. 2 (1985), for an example of the problems this section has caused.

Appellant also argues that part of § 27-12-607 disposes of this case. It states:

"If no written objection to the payment of the claim is filed within ten (10) days from the date of verified receipt of the notice to the employer or his qualified agent, it is conclusively presumed that the employer consents to the claim and the claim shall be submitted to the clerk of district court for approval."

We do not believe, as appellant does, that this sentence requires that the clerk automatically approve uncontested claims. It merely takes the employer out of the case and forces the clerk to move the proceeding forward. How that uncontested proceeding is to move forward is the real issue in this case.

"[T]he burden of establishing the ground to reopen is upon the claimant. * * * The same burden must pertain to establishing an increase of incapacity due solely to the claimed injury. This burden is no different from the usual burden of proof cast upon the injured workman in worker's compensation matters. * * * The difference with respect to § 27–12–606 is that the workman must meet the burden in order to have the claim reopened. If he succeeds in persuading the district court to reopen the claim, then he quite likely will have met his burden of proof to establish entitlement to additional awards, although that might not be true in all instances. Even though the claim were reopened, additional testimony at a hearing on the merits might persuade the trial court not to grant the additional award." (Citations omitted.)

The burden of proof we referred to in Hunteman is the same burden of proof that prevails in a majority of the jurisdictions. 3 Larson, Workmen's Compensation Law § 81.33(c) at 15–554.77 (1983). The party seeking modification must prove that the grounds for modification exist by a preponderance of the evidence. *Matter of Jones,* Wyo., 702 P.2d 1299 (1985), citing *Consolidated Freightways v. Drake,* Wyo., 678 P.2d 874 (1984).

There is nothing in § 27–12–606 or our cases interpreting that statute which distinguishes between contested and uncontested cases. We agree, however, with Professor Larson that "[w]hatever the degree of proof required, it is clear that the party with the burden of proof cannot prevail without putting on any evidence, even if the other party fails to appear." 3 Larson, supra, § 81.33(c) at 15–554.77.

It is worth noting that appellant did not suffer from any surprise as to what he had to establish at the hearing or the burden of proof he carried. Appellant's attorney elicited testimony on the two key elements of the application, the extent of the increased disability and the cause of that increase. On the critical causation issue he asked Dr.

Baker pointblank, "[D]o you have an opinion as to whether or not the arrhythmia—problems with his heart—were due to the surgery that he had to remove the Harrington rods?"

"Well, I guess one would have to say that the injury to his heart did occur at the time of surgery under an anesthetic. I only can say that because he—there were no complaints of this before and he did have trouble afterwards that I would have to voice my opinion on that reasoning."

The witness did not state that the heart attack was due solely to the injury, but merely that it occurred shortly after surgery. The court held that to be insufficient.

In closing argument, appellant's attorney claimed that the evidence established the grounds for modification set forth in § 27–12–606. It was never argued that appellant had satisfied his burden of proof because the case was uncontested. Instead, counsel treated the absence of the State and the employer merely as showing that his evidence was not disputed. The fact that appellant's proof ultimately failed does not persuade us that the procedure in this case was anything but fair.

In summary, we hold that a district court may deny an uncontested application for modification after a hearing if the claimant is unable to show by a preponderance of the evidence that his claim satisfies the requirements of the modification statute, to wit, § 27–12–606. The burden of proof created by § 27–12–606, the finality principle of § 27–12–607, and our recent decision in Hunteman, supra, support our holding.

### THE DISTRICT COURT'S DECISION

▪ Having decided that the court may hold a hearing and deny an uncontested modification, we must now determine whether the district court properly denied appellant's application in this case. We have developed a standard of review in contested worker's compensation cases that applies also to an uncontested hearing upon an application for modification. We

presume that the findings of fact made by the trial court are correct, and we will not disturb such findings unless inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence. *Matter of Abas,* supra, 701 P.2d at 1156; *Consolidated Freightways, Inc. v. Drake,* supra, 678 P.2d at 878. In order to reverse the district court's judgment in this case, we would have to find that the great weight of the evidence showed a causal connection between appellant's heart attack and back surgery.

Before we can measure the evidence against our standard of review, we must decide what materials and testimony were actually before the trial court for its consideration. In his brief, appellant assumes that all the contents of the court file were "evidence" that the court should have weighed. We disagree. In *Matter of Jones,* supra, 702 P.2d at 1301, we held that material in the court's worker's compensation file is not evidence before the court until properly offered and admitted. See also *Black Watch Farms v. Baldwin,* Wyo., 474 P.2d 297, 299 (1970). Common sense supports this rule. The worker's compensation file is often voluminous, containing many routine claims, bills, reports, and letters that are totally irrelevant to issues presented and disputed at the hearings. Although *Matter of Jones* and *Black Watch Farms v. Baldwin,* supra, involved the admission of evidence in contested cases, the rationale behind those holdings applies equally to cases that are uncontested. It is the parties' duty to offer and introduce into evidence relevant materials so that they are properly in the case and may be considered by the court.

■ The court file contained additional expert opinion linking appellant's back surgery to his heart attack, but this material was never formally introduced into evidence at the hearing. In a letter filed with the clerk of court, Dr. Baker had stated:

"However, during Mr. Loveday's postoperative hospitalization course, he developed problems with his heart which ultimately were diagnosed as a myocardial infarction. This, unfortunately, was related to the surgery as performed and is considered a postoperative complication."

Dr. Hiser, one of appellant's cardiologists, observed in a letter to the Worker's Compensation Division:

"At this point in time, I would have to say that if an infarct did occur, it was an end result of having been required to have back surgery and the back surgery was necessary secondary to his injury."

Appellant knew that he had to introduce evidence linking the heart attack and the surgery. That is why he called Dr. Baker to testify. When Dr. Baker's testimony proved to be insufficient, appellant could have introduced Dr. Hiser's letter. That letter, not having been offered or received into evidence at the hearing, cannot be considered on appeal. *Carter Oil Company v. Pacific-Wyoming Oil Company,* 37 Wyo. 448, 263 Pac. 960 (1928).

■ The only evidence admitted at the hearing consisted of the testimony of Dr. Baker and the appellant. Appellant testified that he had no heart problems prior to his back surgery, had never been treated for heart problems, had never had high blood pressure, and had never taken any heart medicine. A trial court may, in a proper case, give considerable weight to nonmedical testimony. *State ex rel. Wyoming Worker's Compensation Division v. Colvin,* Wyo., 681 P.2d 269, 271 (1984). We can well understand, however, why the court did not hold that appellant's testimony satisfied his burden of proof on causation in this case. Even if the trial judge felt that appellant's testimony was truthful, that testimony did little to show that the heart attack was due solely to the surgery.

There is no doubt that Dr. Baker's testimony was critical to the appellant's case. But even though he was asked directly to link the back surgery and the heart attack, he never did so. He stated:

"I guess one would have to say that the injury to his heart did occur at the time of surgery under an anesthetic. I only

can say that because he—there were no complaints of this before and he did have trouble afterwards that I would have to voice my opinion on that reasoning."

We cannot say that this equivocal testimony satisfied the appellant's burden of proving that his increase in incapacity caused by the heart attack was due solely to the surgery. Nor can we say that Dr. Baker's earlier passing reference to the heart attack as a complication of surgery added much to the appellant's case. Were we deciding this case at the trial level, we might decide it differently. But, the trial court was in a better position to judge the tone of Dr. Baker's answers and the weight to be given his testimony than are we. *State ex rel. Wyoming Worker's Compensation Division v. Colvin,* supra, 681 P.2d at 271.

In conclusion, the district court properly held a hearing at which appellant was required to prove by a preponderance of the evidence that his increase in incapacity was due solely to his original injury. Appellant presented some relevant evidence on this key point but not enough to convince us that the district court's denial was contrary to the great weight of the evidence.

Affirmed.

ROSE, Justice, Retired, dissenting.

Given the age-old rule that the Worker's Compensation law is to be interpreted favorably to the worker whenever possible—and given the facts as recited in the majority opinion—it is incomprehensible to me that this court should find that the worker's heart attack was not a result of surgery and his original accident.