In the Matter of the Injury To William Glen MILLSAP, An Employee of R.L. Manning Company.

William Glen MILLSAP, Appellant (Employee-Claimant),

v.

R.L. MANNING COMPANY, Appellee (Employer-Respondent).

No. 86-145.

Supreme Court of Wyoming.

Feb. 19, 1987.

Daniel E. White of Vines, Rideout, Gusea & White, P.C., Cheyenne, for appellant.

Thomas F. Reese of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee.

Before BROWN, C.J., THOMAS, URBIGKIT, and MACY, JJ., and GUTHRIE, Ret. J.

GUTHRIE, Retired Justice.

This appeal involves the action of the trial court in dismissing an application for modification of a previous award of worker's compensation benefits which was filed on October 7, 1985, on behalf of the injured workman, appellant William Millsap, and the further denial of a motion requesting appointment of an impartial physician to examine and evaluate appellant's condition.

The worker's compensation division does not pursue its right to appeal or to participate in any manner in this proceeding. Although this case previously has been be-

fore this Court, *R.L. Manning Company v. Millsap,* Wyo., 687 P.2d 252 (1984), we are now faced with a different set of facts which are pertinent to our consideration of this appeal and its disposal and which are quite simple.

Appellant was injured on August 5, 1977, while employed by appellee R.L. Manning Company. He received benefits for temporary, total disability for some time and, on March 19, 1979, received an award, which was paid in a lump sum, for 15% permanent partial disability. Appellant had additional surgery on January 7, 1981, and claims arising from this surgery were paid. A payment for mileage and expense incurred by appellant in pursuit of such medical treatment was made on March 17, 1982. In addition thereto, there was a fee bill from Dr. William Mott in the sum of $47.50 which was ordered paid on April 6, 1982. The award for permanent, partial disability of 15% was made in March 1979, more than five years prior to appellant's motion herein. However, the physician's fee bill which was ordered paid as late as April 6, 1982, was within the four-year period prior to the filing of the motion.

After a hearing on this matter, appellee moved for a dismissal of the proceedings on the basis of the limitation contained in § 27–12–606, W.S.1977, contending that no petition had been filed within the four-year period after the 1979 award. In its decision, the court denied the motion for appointment of an impartial physician and granted the motion to dismiss the application for modification. This, then, poses the question directly and immediately: Was this application timely filed? It is necessary first to make disposal of this question.

In urging this appeal, appellant asserts that, by virtue of the ruling in the case of *Wyoming State Treasurer v. Barnes,* Wyo., 587 P.2d 214 (1978), the court had continuing jurisdiction of this matter. Alternatively, appellant asserts that the claim was filed in time by virtue of the allowance and payment of Dr. Mott's bill, which was within the period of limitations contemplated by § 27–12–606, and that such pay-

ment was an award as contemplated by the statute. In answer to this contention, appellee asserts that the statute, § 27–12–606, applies and refers to an award of compensation as a type of award and a specific award. Therefore, the March 1979 award is the point at which the time would begin to run.

We cannot rely upon authority from other jurisdictions, because our statute is unique. *Conn v. Ed Wederski Construction Company,* Wyo., 668 P.2d 649 (1983). Further, it must be kept in mind that our construction of this statute must be made in honor of our rule of liberal construction in worker's compensation cases. *Id.*

The statute under which this reopening is sought, § 27–12–606, is as follows, to wit:

"Where *an award* of compensation has been made in favor of or on behalf of an employee *for any benefits* under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud." (Emphasis added.)

However, since this question hinges upon an interpretation and construction of the preceding section, it is necessary that we also consider as part and parcel thereof § 27–12–607, W.S.1977, which is as follows, to wit:

"Every award within the meaning of this act [§§ 27–12–101 through 27–12–804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various accounts provided under this act as to all matters involved. Except as otherwise provided, the Wyoming Rules of Civil Procedure shall govern in matters before the courts of this state in reference to this act. No award of compensation or

allowance of any expense claim chargeable against the account of any employer contributing under this act shall be made without notice to the employer and opportunity for hearing, unless the employer files written consent to the claim in the court having jurisdiction. If no written objection to the payment of the claim is filed within ten (10) days from the date of verified receipt of the notice to the employer or his qualified agent, it is conclusively presumed that the employer consents to the claim and the claim shall be submitted to the clerk of district court for approval. If after a diligent effort has been made the notice cannot be served upon an employer, the clerk of district court may allow or disallow the claim."

This section contains a definition which makes it directly applicable in arriving at a proper definition of "award" here and controlling. Appellee concludes correctly this statutory definition of "award" is significant. It is our view that when the legislature did set out "for any benefits" and, later in such section, mentioned "from the date of the last award," it definitely was not using this term in the manner outlined and as appellee contends.

We are not cited to any section or any authority by the parties herein which we consider applicable, nor have we been able to find any authority which might be applicable to sustain appellee's view. Because the statute is so totally dissimilar to all the statutes which we have encountered, it will apparently be necessary to make this interpretation within the parameters of our worker's compensation law and our decisions arising thereunder.

Inference may be drawn therefrom that there is no intent to limit this statute to any particular award by use of these above words. Appellee goes so far in its argument as to contend that the word "award" means "payment for a permanent disability and possibly payment of temporary total disability." We can find no basis for such contention within these sections. We have heretofore recognized that the reopening may be "for '*additional benefits* of any type or nature.'" *Conn v. Ed Wederski Construction Company, supra* at 652 (emphasis in original). In that case, this Court said:

"[Section] 27–12–606, W.S.1977, represents an attempt by the legislature to balance the concept of finality as applied to worker's compensation awards with the need to assure that injured workmen receive the full amount *of any benefits to which they are entitled under the law*." *Id.* at 653 (emphasis added).

In our view, the statute does not lend itself to the view of a definition of award with a strict limitation for which appellee contends when it mentions "made in favor of or on behalf of an employee *for any benefits*." (Emphasis added.) It may be observed that the payment for the doctor was certainly for services performed on behalf of appellant for his benefit, as the services would be for any injured workman, and was paid from an account set up by the Worker's Compensation Act. This strangely tortured and sharply limited definition contended for by appellee can certainly not live under the bright light of the rule of liberal consideration.

In this case, the bill of the doctor was paid by virtue of an instrument entitled "ORDER OF AWARD" executed by the clerk of court after notice had been given to appellee and a card had been returned indicating receipt of notice of said claim. The card which was returned and remains in the file was signed by an agent of appellee with a check mark in a square marked "approved." This factual situation certainly brings it under the purview of § 27–12–607. It is our view that the order approving the payment and the payment of said doctor were and are, by virtue of the statute and case law, a judicial determination upon which an award was based. This Court has heretofore recognized that an approval of a claim by procedure of this character is a judicial determination:

"Whether a claim is adjudicated under the formal-dispute procedures, or informally by the clerk of the district court—

where there is no employer objection—the character of the award as a judicial determination is not changed. See, *Midwest Refining Co. v. George*, 41 Wyo. 55, 281 P. 1005, 1007 [1929]; and *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 452 P.2d 214, 217 [1969]." *Wyoming State Treasurer ex rel. Worker's Compensation Division v. Svoboda*, Wyo., 573 P.2d 417, 419–20 (1978).

It being the view of this Court that the petition was filed timely, the case must be remanded for proper hearing and determination as to whether the employee can meet his burden of proof and the conditions as set out in § 27–12–606.

It was not error, however, for the trial court, believing as it did that this petition for reopening was not timely, to deny the motion for the employment of an impartial physician to examine and evaluate appellant. Were this motion untimely, the examination and evaluation would have been an exercise in complete futility and would only submit the worker's compensation fund—a fund, by the way, which under the present circumstances should be zealously protected—to a useless charge. The factual situation developed during the rehearing will be the basis upon which that court should consider the motion for appointment of a physician.

Reversed and remanded.