Curlin J. DEROCHE, Appellant
(Employee-Claimant),

v.

R.L. MANNING CO., Appellee
(Employer-Defendant),

v.

STATE of Wyoming ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Third-Party Respondent).

No. 86–171.

Supreme Court of Wyoming.

May 15, 1987.

James M. Guill, Goppert & Olson, Cody, for appellant.

Thomas F. Reese, Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee Manning.

No appearance for appellee State of Wyo.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The dispositive question in this case is whether the record sustains a finding by the district court that an injured workman failed to meet his burden of proving that he had suffered an increase in incapacity due solely to the injury, which he must do to justify reopening his award pursuant to § 27–12–606, W.S.1977. The district judge authored a decision letter which focused upon the four-year period of limitations found in the statute. In the Order Denying Petition, however, the court also made a general finding against the workman. If the district court's decision had been grounded upon the statute of limitations only, it would be erroneous, but the general finding against the workman, coupled with the record which is available, justifies a conclusion that the district court properly denied this claim for additional benefits. We affirm the decision of the district court.

Curlin Deroche, in his brief, presents only this issue:

"Did the district court improperly deny claimant's petition as not being timely filed under W.S. § 27–12–606 (1977)?"

The employer, R.L. Manning Company, urges a broader consideration, and it states the issues to be:

"1. The order dismissing the Worker's Compensation claim of appellant should be affirmed since the petition to reopen was untimely due to:

"A. The failure to reopen the 1978 award within the time allowed by W.S.. Section 27–12–606.

"B. The 'awards' which appellant asserts extended the statute of limitations were not based upon petitions to reopen and therefore are void ab initio.

"2. The order dismissing the Worker's Compensation claim of appellant should be affirmed based on the record."

The injury which is in issue in this case occurred on July 7, 1974. Deroche, then an employee of R.L. Manning Company, suffered a work-related injury to his back which eventually required surgery. On October 5, 1978, the district court entered its order authorizing the payment of all of Deroche's medical expenses, and it also authorized further examination and treatment. In May of 1981, a petition to reopen the case was filed which pointed out that Deroche had received no award for temporary total disability payments because his attorney assumed they would be paid as a matter of law without a request being made. An order was entered which modified the earlier order and awarded temporary total disability payments for the period from February 17, 1976 through May 10, 1977. Deroche continued with treatment for back pain, and in September of 1983, he filed another petition seeking to have his case reopened so that additional funds could be awarded for surgery he proposed to obtain in Canada pursuant to the recommendation of his treating physician. At that time, both the Worker's Compensation Division of the State of Wyoming and R.L. Manning Company objected to the petition for further funds for the requested surgery. R.L. Manning Company also objected to any further temporary total disability payments and to any permanent partial disability award.

On March 22, 1985, R.L. Manning Company filed its petition which objected to all earlier claims and awards and requested the district court to reopen and evaluate Deroche's worker's compensation claims pursuant to § 27–12–606, W.S.1977. That petition alleged fraud or mistake and the fact that Deroche's back injury in part was

attributable to a separate non-compensable injury and was not solely due to the 1974 work-related injury. Subsequently, R.L. Manning Company raised the issue of the timeliness of Deroche's 1983 petition while at the same time alleging that he had failed to meet his burden of proof pursuant to § 27–12–606, W.S.1977.

The hearing in this case was held on June 24, 1985. The proceedings were not reported, and consequently, there is no transcript. The court record and depositions taken from several physicians who had treated Deroche were placed into evidence. On November 27, 1985, the district court furnished its decision letter in which it concluded that Deroche's petition to modify or amend his earlier worker's compensation award related only to the 1978 award and was not timely pursuant to § 27–12–606, W.S.1977. On January 15, 1986, the district court then entered its order denying Deroche's petition on the grounds that it was untimely, but the court also included a general finding in two respects:

" * * * [T]he court * * * generally finds that the petition and amended petition of the Employee-Claimant should be denied.

\* \* \* \* \* \*

"Wherefore, the petition and amended petition of the Employee-Claimant must be denied as untimely and the Court finds generally in favor of the Employer-Respondent and denies the petition and amended petition and denies the payment of any Worker's Compensation claims."

The several depositions of physicians who had treated Deroche demonstrate that none of the doctors, including those relied upon by Deroche, testified that there was any increase in his disability due solely to his work-related injury. The testimony was conflicting as to whether or not additional surgery would reduce the pain that Deroche claimed. There is some testimony that Deroche, subsequent to the 1976 surgery, may have developed a condition described as lumbar stenosis, a narrowing of the spinal canal. This condition could possibly result from scarring from the earlier back surgery. Most of the physicians testi-

fied that Deroche had experienced a permanent disability of at least five percent of the whole body, but one doctor stated that Deroche experienced no permanent disability, nor was he at the time suffering from any temporary total disability. In response to cross-examination by counsel, that doctor testified:

"Yeah, I would agree that if the man complains of some back trouble, that that kind of work [roughnecking in an oil field] is going to be very difficult for him; but I must say that it's just amazing and I think a sad commentary on our society and on our compensation system that a man should be disabled for ten years from the age of 29 on with no gainful employment when there's all kinds of employment that he could have done."

Of those physicians who assigned some permanent total disability rating, there was a general consensus that the degree of disability had not changed subsequent to the 1976 surgery. Furthermore, several of the doctors testified that Deroche's back condition was exacerbated by his incessant overweight condition. There also was uncontradicted testimony which indicated that Deroche's recent back problems were attributable to a re-injury of his back by nonwork-related events.

Addressing initially the timeliness of Deroche's claim, this is not the first time this aspect of the statute has been addressed. Section 27–12–606, W.S.1977 provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

*In Matter of Injury to Millsap*, Wyo., 732 P.2d 1065 (1987), we held that a petition to reopen was timely if filed within four years of an award for any benefits. In that case, we held that an order to pay a doctor's bill for a worker's compensation claim was a judicial determination which extended the time for a petition to reopen to four years.

■ Following Matter of Injury to Millsap, supra, it is clear that the 1981 order entered by the district court in this case, which provided for the payment of temporary total disability payments, was a judicial determination and an award of any benefits for purposes of § 27–12–606, W.S. 1977. In addition, the record discloses the payment of several bills for treatment of Deroche's back condition as recently as 1985. The conclusion of the district court that Deroche's 1983 petition to modify or amend his 1981 award was untimely is erroneous. If that were the only consideration in this appeal, which is what Deroche contends, we would reverse.

As we have noted, however, the Order Denying Petition was not as restrictive as the decision letter which the court uttered. Certainly that decision letter is not a judicial determination for purposes of the Wyoming Worker's Compensation Act:

"The memorandum opinion, as we view it, did nothing more than express the trial judge's conclusion of law, which could be changed at any time prior to the entry of an order based thereon in keeping with Rule 58, W.R.C.P. Consequently, there is nothing before us within our jurisdiction and the appeal must therefore be dismissed." *Wyoming State Treasurer ex. rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 329 (1968).

This rule is applied in *Broadhead v. Broadhead*, Wyo., 737 P.2d 731 (1987). As noted above, the Order Denying Petition reiterated the lack of timeliness, but it also included general findings in favor of the employer and against the employee.

■ Pursuant to Rule 52, W.R.C.P., the parties must request special findings of fact if they are desired, and in the absence of a special finding, a general finding by the trial court carries with it every finding of fact supported by the record. *Garriffa v. Taylor*, Wyo., 675 P.2d 1284 (1984); *Miller v. Miller*, Wyo., 664 P.2d 39 (1983); *Dechert v. Christopulos*, Wyo., 604 P.2d 1039 (1980); *Skinner v. Skinner*, Wyo., 601 P.2d 543 (1979); *P & M Cattle Company, v. Holler*, Wyo., 559 P.2d 1019 (1977); *School District No. 32 Fremont County v. Wempen*, 80 Wyo. 311, 342 P.2d 232 (1959). This Court also consistently has held that the judgment of the trial court is to be affirmed on appeal if it is sustainable under any legal ground appearing in the record, whether or not that ground was invoked by the trial court. *Litzenberger v. Merge*, Wyo., 698 P.2d 1152 (1985); *Hurst v. State*, Wyo., 698 P.2d 1130 (1985); *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983); *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1981); *Wightman v. American National Bank of Riverton*, Wyo., 610 P.2d 1001 (1980).

■ In a claim for worker's compensation benefits, the workman is charged with a burden of establishing each element of his claim by a preponderance of the evidence. *Matter of Jones*, Wyo., 702 P.2d 1299 (1985); *McCarty v. Bear Creek Uranium Company*, Wyo., 694 P.2d 93 (1985); *Collins v. Goeman General Tire*, Wyo., 682 P.2d 332 (1984). In seeking to have an award modified pursuant to § 27–12–606, W.S.1977, the claimant in addition must demonstrate one of the statutory grounds which would justify the court in reopening, modifying or amending an earlier award. *Matter of Injury to Loveday*, Wyo., 711 P.2d 396 (1985); *Hunteman v. Ward Transport, Inc.*, Wyo., 706 P.2d 1126 (1985); *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983). Deroche did not allege that there occurred in this instance any mistake or fraud. Consequently, pursuant to § 27–12–606, W.S. 1977, Deroche had to establish an increase or decrease in incapacity due solely to the injury. Section 27–12–606, W.S.1977; *Conn v. Ed Wederski Construction Company*, supra.

The general finding of the district court in favor of R.L. Manning dismissing Deroche's petition encompasses a finding that Deroche failed to show an increase in incapacity due solely to a work-related injury. If that finding is justified by the evidence in the record, it should be affirmed. We must examine the evidence according to the following standard:

" * * * We accept the prevailing party's evidence as true, give to it every favorable inference which may be drawn, and we do not take into account the conflicting evidence of the other party. *Matter of Abas,* Wyo., 701 P.2d 1153 (1985). We will not interfere with the findings of fact by the trial court unless they are 'clearly erroneous or manifestly wrong and totally against the evidence.'" (Citations omitted.) *Claim of Grindle,* Wyo., 722 P.2d 166, 169 (1986).

This standard is appropriate with respect to a general finding as well as to specific findings for which it is more often invoked. *Skinner v. Skinner,* supra; *P & M Cattle Company v. Holler,* supra.

In applying this standard, we can affirm without equivocation the dismissal of this petition by the district court. The testimony of the physicians described earlier fails to demonstrate an increase in incapacity which the statute requires. See *Fischer v. State of Wyoming ex. rel. Worker's Compensation Division,* Wyo., 734 P.2d 558 (1987). *Woodman v. Grace Bomac Drilling,* Wyo., 736 P.2d 313 (1987). The evidence would also justify a conclusion that any alleged increase in incapacity was not due solely to a work-related injury. The evidence of record is more than sufficient in justifying the denial by the trial court of Deroche's petition.

This case is distinguishable from Matter of Injury to Millsap, supra, because here the court did have a hearing and did receive evidence. That evidence justifies a conclusion by the district court that Deroche did not meet his burden to require a reopening of the earlier award. *Conn. v. Ed Wederski Construction Company,* supra. Because Deroche failed to carry this burden as required by § 27–12–606, W.S.1977, the district court correctly denied his petition, and that judgment is affirmed.