**FMC, a Wyoming corporation, Petitioner,**

**v.**

**Sherry K. LANE, Respondent.**

**No. 88–262.**

Supreme Court of Wyoming.

May 11, 1989.

Gary M. Greenhalgh, Greenhalgh, Bussart, West & Rosetti, Rock Springs, for petitioner.

George Santini, Graves, Santini & Villemez, P.C., Cheyenne, for respondent.

1. The contested case procedure for workers' compensation claims now is set forth in §§ 27–14–601 to –605, W.S.1977.

2. The Wyoming Administrative Procedure Act is found in §§ 16–3–101 to –115, W.S.1977.

3. In the brief of Appellant FMC Corporation, the issues presented for review are stated to be:
   "I.   Whether an administrative law judge has authority to modify an order awarding worker's compensation benefits after a party has petitioned the district court to review the initial order?
   "II.   Whether employee-claimant had grounds for modification of a prior award of permanent partial disability?
   "III.   Whether employee-claimant proved her claim of permanent *total* disability?
   "IV.   Whether the award of $62,000.00 Was supported by law and substantial evidence?
   "V.   Whether court costs and attorney fees may be charged against the employer's experience rating during appeal of an award of additional permanent partial disability benefits to an employee who filed a claim for permanent total disability?"
   In the Brief of Respondent–Appellee the issues are stated in this way:
   "1.   Did the Administrative Law Judge have jurisdiction to correct his February 8, 1988 Order Granting Modification upon motion of the State Worker's Compensation Division to correct an apparent error of law?
   "2.   Is there substantial evidence to support the Findings and Conclusions of the Administrative Law Judge?
   "3.   Was the Appellant the prevailing party below for purposes of § 27–14–602(d), W.S. 1977 (1987 Cum.Supp.)?"
   In the Reply Brief of Appellant FMC Corporation, no new issues are stated, but the following arguments are articulated:
   "The law in Wyoming, and in a majority of federal courts, does not permit an administrative hearing officer to use rule 60(b) of the rules of civil procedure to affect substantive portions of a judgment or decree to correct errors of law made by the hearing officer.
   "It was error for the hearing officer to award either $62,000 or 99% permanent partial disability without making specific findings of basic facts in support of the award, and when the award was not supported by substantial evidence.
   "The administrative hearing officer abused his discretion by ordering payment of court costs and attorney fees to be charged against the employer's experience rating while appeal was pending."

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and LANGDON, District Judge.

THOMAS, Justice.

The question that the court must resolve in this case is how the contested case procedure adopted by the legislature for disposing of claims for workers' compensation benefits that are objected to[1] blends into the existing body of substantive law and the Wyoming Administrative Procedure Act[2]. In their respective briefs, the parties suggest a number of issues relating both to procedure and disposition on the merits.[3] We conclude, however, that the failure of the independent hearing officer to couch his findings of fact in the manner required by statute and prior decisions of this court prevents appropriate judicial review of the issues claimed by the parties. We hold unlawful and set aside the agency action, findings, and conclusions because of a failure to observe the procedure required by law. We reverse and remand the case to the independent hearing officer for proceedings to be conducted in accordance with this opinion.

The threshold question, which turns out to be dispositive, is whether the independent hearing officer was faithful to the statutory charge found in § 16–3–110, W.S. 1977, as that provision has been interpreted by this court. Section 16–3–110, W.S.1977, provides as follows:

"A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Parties shall be notified either personally or by mail of any decision or order. A copy of the decision and order shall be delivered or mailed forthwith to each party or to his attorney of record."

This court has ruled consistently that this provision wisely requires the administrative agency in any contested case to encompass in its final decision findings of fact and conclusions of law separately stated. This requirement demands findings of basic facts upon all of the material issues in the proceeding and upon which the ultimate findings of fact or conclusions are based. Each ultimate fact or conclusion is to be thoroughly explained in order for the reviewing court to determine the basis upon which the ultimate fact or conclusion was reached. *Geraud v. Schrader,* 531 P.2d 872 (Wyo.1975), cert. denied, sub nom. *Wind River Indian Education Association, Inc. v. Ward,* 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). Without compliance with this provision, which is designed to aid the reviewing court in the performance of the functions assigned by § 16–3–114(c), W.S.1977, there can be no rational basis for judicial review. *Holding's Little America v. Board of County Commissioners of Laramie County,* 670 P.2d 699 (Wyo.1983). See *Campbell County v. Wyoming Community College Commission,* 731 P.2d 1174 (Wyo.1987); *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming,* 662 P.2d 878 (Wyo.1983); *Larsen v. Wyoming Oil & Gas Conservation Commission,* 569 P.2d

87 (Wyo.1977); *Powell v. Board of Trustees of Crook County School Dist. No. 1,* 550 P.2d 1112 (Wyo.1976); *Pan American Petroleum Corporation v. Wyoming Oil & Gas Conservation Commission,* 446 P.2d 550 (Wyo.1968). Cf. *Foremost Life Insurance Company v. Langdon,* 633 P.2d 938 (Wyo.1981).

The record in this case discloses that, on November 15, 1984, Sherry K. Lane (Lane) was awarded $11,900.12 as a permanent partial disability for 20% impairment of the whole person because of a back injury suffered while working for FMC Corporation (FMC). She continued to experience difficulties which apparently were not relieved by a back fusion operation performed in 1985, and she subsequently was subjected to another surgical procedure to achieve fusion of her back at the area of the affected vertebrae. She then filed a claim for modification of her disability benefits seeking an award of benefits for total permanent disability. She alleged in her petition that, subsequent to the initial award, she had "suffered an increase of incapacity due solely to original injury." FMC objected to the petition for permanent total disability benefits.

Subsequently, an effort was made to secure interim disability payments, but that request was denied. Lane also filed a claim for a permanent partial disability increasing the award from the original 20% of the whole body to 30% of the whole body. That claim was disapproved by FMC. The parties then pursued discovery including the deposition of the surgeon who performed the latest surgery. An independent medical examination also was obtained. Various other pleadings were presented by the parties, including a request for a change of venue, and the matter then was heard, on November 9, 1987, by the independent hearing officer.

From that point on the record becomes somewhat complex. On November 18, 1987, the independent hearing officer provided counsel with a decision letter. The product of that letter was that the Lane case was reopened and her benefits were modified to provide for an increase from 20% permanent partial disability to "a per-

manent total disability award of thirty percent (30%) with the vocational disability component included therein, * * *." Some dialogue then occurred among counsel and the independent hearing officer, and another decision letter was furnished, on December 30, 1987, that set aside the earlier decision letter and awarded "the sum of $62,000.00 as a permanent partial disability award, * * *." An Order Granting Modification then was entered based upon the December 30, 1987 decision letter. The State of Wyoming, ex rel. Wyoming Workers' Compensation Division then filed a Petition to Reopen for Modification of Award which was premised upon the proposition that the aggregate of the original award and the most recent award exceeded the amount permitted by statute. In the meantime, a Petition for Review was filed by FMC in the district court. Subsequent to the Petition for Review, the independent hearing officer entered a new order which concluded that the earlier award had been entered because of a mistake and awarded to Lane "ninety-nine percent (99%) of the whole body for her permanent partial disability, which computes to $58,905.63, less the twenty percent (20%) permanent partial disability [Lane] was previously awarded in April, 1986, of $11,900.12, for a final total award of $47,005.51." FMC filed a Supplemental Petition for Review. Lane then filed a Motion for Certification Pursuant to Rule 12.09, Wyoming Rules of Appellate Procedure. That motion was denied but, after briefs were filed in the district court, the district court did enter its Order Certifying Case to the Wyoming Supreme Court pursuant to Rule 12.09, W.R.A.P. In the meantime, various awards of attorney fees and costs and expenses of litigation were made in favor of Lane which, according to the several orders, were to affect the employer's experience rating of FMC.

■ Lane's Petition for Permanent Total Disability Benefits did not specifically invoke § 27–14–605, W.S.1977, but that is the pertinent provision. That section provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for benefits under this act, an application may be made to the clerk of court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

That provision was not changed in the Wyoming Worker's Compensation Act from prior law. It uniformly has been construed to require the employee to assume the burden of demonstrating the statutory ground for reopening the workers' compensation case. *Lehman v. State, ex rel. Wyoming Workers' Compensation Division,* 752 P.2d 422 (Wyo.1988); *Deroche v. R.L. Manning Company,* 737 P.2d 332 (Wyo.1987); *Woodman v. Grace Bomac Drilling,* 736 P.2d 313 (Wyo.1987); *Matter of Injury to Loveday,* 711 P.2d 396 (Wyo.1985); *Hunteman v. Ward Transport, Inc.,* 706 P.2d 1126 (Wyo.1985); *House v. State, ex rel. Worker's Compensation Division,* 701 P.2d 1162 (Wyo.1985); *Matter of Abas,* 701 P.2d 1153 (Wyo.1985); *Conn v. Ed Wederski Construction Company,* 668 P.2d 649 (Wyo.1983). Our authorities hold that it is the obligation of the injured employee to plead the statutory ground for reopening, which Lane did do in this instance. *Herring v. Welltech, Inc.,* 715 P.2d 553 (Wyo. 1986).

■ Our conclusion is that this body of substantive law transfers to the proceedings before an independent hearing officer, but with this difference. Because of the specific requirements of the Wyoming Administrative Procedure Act found in § 16–3–110, quoted above, as it has been construed, the reviewing court is not permitted any presumption relative to any general finding.[4] The scrutiny of this record, particularly the court's decision letter of December 30, 1987, and the Order Granting Modification discloses no finding

---

4. In a trial to the court, unless one of the parties requests special findings of fact pursuant to Rule 52(a), W.R.C.P., a general finding incorpo-rated in the judgment carries with it every finding of fact that is supported by the evidence. *Deroche v. R.L. Manning Company,* 737 P.2d 332

with respect to whether Lane suffered an increase of incapacity due solely to the injury as required by § 27–14–605. Neither is there any finding of any mistake in connection with the initial award, although it appears that Lane did urge that proposition. The only language that approaches this issue is found under the Conclusions of Law where it is stated:

"The employee has sustained the burden of proving that she is entitled to a permanent partial disability award under the provisions of the 'Wyoming Worker's Compensation Act' * * *."

Consequently, this court is unable to discern from the record whether the independent hearing officer even considered the requirements of *Conn*, 668 P.2d 649, and its progeny in addressing Lane's petition. Certainly, it made no finding of fact in that regard, and one inference from the absence of such a finding is that the evidence would not support the finding. The Order Granting Modification fails to comply with § 16–3–110, W.S.1977, and other precedent.

Our cases demonstrate that the existence of a statutory basis to reopen a workers' compensation case is a threshold proposition, which must be resolved prior to a consideration of a claim for additional benefits on the merits. Given this record, we are forced to conclude that the action of the Wyoming Workers' Compensation Division, as incorporated into the decision and order of the independent hearing officer, was entered without observance of the procedure required by law and, for that reason, must be held unlawful and set aside. In accordance with § 16–3–114(c), W.S. 1977, the decision of the independent hearing officer is reversed, and the case is remanded for further proceedings consistent with the opinion of the court in this case.

Reversed and remanded.

(Wyo.1987); *Brug v. Case*, 600 P.2d 710 (Wyo. 1979); *Zitterkopf v. Roussalis*, 546 P.2d 436 (Wyo.1976); *Hendrickson v. Heinze*, 541 P.2d 1133 (Wyo.1975). Section 16–3–110, W.S.1977, does not accommodate to such a rule with respect to administrative proceedings.