**Wallace J. SCHULTHESS, Petitioner,**

v.

**George CAROLLO and the State Board
of Control, Respondents.**

**No. 91–150.**

Supreme Court of Wyoming.

May 20, 1992.

Sharon M. Rose of Vehar, Beppler, Lavery, Rose & Boal, P.C., Evanston, for petitioner.

Joseph B. Meyer, Atty. Gen., Mary B. Guthrie, Dennis C. Cook, Sr. Asst. Attys. Gen., Frederick E. Chemay, Asst. Atty. Gen., Cheyenne, for respondents.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

George Carollo (Carollo) filed a petition with the State Board of Control (Board) to have Wallace Schulthess' (Schulthess) original supply water rights to 116 acres and his supplemental supply water rights to 37.78 of the 116 acres declared abandoned. Following a hearing, the Board issued an order which granted Carollo's petition as to Schulthess' original and supplemental supply water rights to 37.78 acres and denied his petition as to the remaining 78.22 acres. Schulthess timely filed a petition for review with the district court, claiming that Carollo lacked standing, that the petition for abandonment was deficient, and that the evidence was insufficient to support the Board's order. The district court certified the case to this court for review. We will reverse the Board's order and remand the case to the Board with directions that Carollo's petition for abandonment be dismissed.

## ISSUES

Schulthess raises the following issues for review:

A. Whether or not the state board of control erred in finding that defendant-contestant had standing to bring a petition for abandonment.

B. Whether or not plaintiff-contestee's property has been taken without due process of law, if defendant-contestant's standing to bring the petition for abandonment is based upon injury or benefit

to a water right that was neither pled nor presented through evidence at the hearing on the petition for abandonment.

C. Whether or not defendant-contestant failed to prove by clear and convincing evidence that plaintiff-contestee had abandoned the water rights at issue.

Carollo and the Board rephrase the issues:

I. Whether George Carollo, petitioner below and appellee/respondent here, had standing to bring his petition for a declaration of abandonment on the basis of the surplus water right attaching, by operation of law, to his original supply water right, and if so, was the appellant denied due process by the Board's reliance on that surplus water right?

II. Whether the Board's decision is supported by substantial evidence?

## FACTS

The facts of this case are best understood by placing them into context geographically. The water rights relevant to the present controversy originate from two streams, Beaver Creek and Ham's Fork Creek. Beaver Creek flows in a southwesterly direction and is a tributary of Ham's Fork Creek. Ham's Fork Creek flows in a southeasterly direction. Upon convergence, the two streams form what is best illustrated by the letter "Y"—the right branch of the "Y" representing Beaver Creek, the left branch of the "Y" representing the upper Ham's Fork Creek, and stem of the "Y" representing the lower Ham's Fork Creek.

Schulthess owns an original supply water right with a priority date of January 20, 1916, for the diversion of water from the upper Ham's Fork Creek into the Johnson–Spencer Ditch for stock watering purposes and for the irrigation of 116 acres. Schulthess also owns a supplemental supply water right with a priority date of January 28, 1931, for the diversion of water from Beaver Creek into the Enlarged Johnson–Spencer Ditch for the irrigation of 37.78 of the 116 acres. The 116 acres to which Schulthess' water rights appertain are located southeast of both Ham's Fork Creek and Beaver Creek. Historically, water diverted from the upper Ham's Fork Creek traversed the land between the point of diversion and Beaver Creek via the Johnson–Spencer Ditch, was flumed across Beaver Creek, and continued in the Enlarged Johnson–Spencer Ditch until reaching the 116 acres. In 1932, the point of diversion and means of conveyance for the original supply water appurtenant to 78.22 of the 116 acres were changed from the Johnson–Spencer Ditch to the Smith No. 1 Ditch. The Smith No. 1 Ditch diverts water from the lower Ham's Fork Creek and provides a more direct route for the irrigation of the 78.22 acres.

Carollo owns an original supply territorial water right with a priority date of May 15, 1889, for the diversion of water from Beaver Creek into the East Stock Ditch for irrigation purposes. Based on his water right in Beaver Creek, Carollo petitioned the Board to declare as abandoned Schulthess' original supply water right from Ham's Fork Creek and his supplemental supply water right from Beaver Creek. Carollo alleged that Schulthess had failed to apply the subject water to beneficial use for the period of five years and that he, Carollo, would be benefitted by a declaration of abandonment. The Board considered Carollo's petition for abandonment at a regular board meeting and referred it for public hearing.

A public hearing was then held at which both Carollo and Schulthess presented evidence relative to whether Schulthess had beneficially used his original or supplemental supply water rights in the previous five years. Both prior to and following the presentation of the evidence, Schulthess moved to have Carollo's petition for abandonment dismissed or denied on the ground that Carollo, possessing the senior water right, lacked standing under Wyo.Stat. § 41–3–401(b)(i) (Supp.1990). Wyo.Stat. § 41–3–401(b)(i) has, at all relevant times, conferred standing upon "[a]ny person who has a valid adjudicated water right or is the holder of a valid permit from the same source of supply which is equal to or junior in date of priority to the right for which abandonment is sought."

Following the hearing, the Board issued its findings of fact, conclusions of law, and order granting in part and denying in part Carollo's petition for abandonment. The Board determined initially that Carollo had standing to bring the petition for abandonment. The Board made this determination by judicially noticing that a surplus water right with a priority date of March 1, 1945, attached by operation of law to Carollo's Beaver Creek water right. Using the March 1, 1945 priority date, the Board concluded that Carollo, possessing a water right junior to those he sought to abandon, had standing under Wyo.Stat. § 41–3–401(b)(ii). Wyo.Stat. § 41–3–401(b)(ii) has, at all relevant times, conferred standing upon "[t]he holder of a valid water right entitled to surplus water under W.S. 41–4–318 through 41–4–324, petitioning to abandon a water right from the same source of supply if the right sought to be abandoned has a priority date of March 1, 1945, or earlier." The Board then determined that the evidence was sufficient to grant Carollo's petition of abandonment as it pertained to Schulthess' original and supplemental supply water rights to irrigate 37.78 of the 116 acres. The Board denied Carollo's petition as to that portion of Schulthess' original supply water right that had been changed to the Smith No. 1 Ditch for the irrigation of the remaining 78.22 acres.

Schulthess timely filed a petition for review with the district court. In his petition, Schulthess averred that Carollo lacked standing, that his abandonment petition was deficient, and that the evidence was insufficient to support the Board's order. The district court certified the case directly to this court for review pursuant to Wyo. R.App.P. 12.09.

## STANDARD OF REVIEW

■ When an administrative case is certified to this court pursuant to Wyo. R.App.P. 12.09, we review the decision "under the appellate standards applicable to a reviewing court of the first instance." *Amax Coal v. State Bd. of Equalization,* 819 P.2d 825, 828 (Wyo.1991) (quoting *Application of Campbell County,* 731 P.2d 1174, 1175 (Wyo.1987)). The scope and standards of administrative review are well known and need not be recited in detail. Suffice it to state that our general objective is to determine whether the agency's decision is supported by sufficient findings of fact, whether the findings of fact are supported by sufficient evidence, and whether it is in accordance with the law.[1]

## DISCUSSION

The primary issue raised for our consideration is whether the Board erred in concluding that Carollo had standing to petition for an abandonment of Schulthess' water rights. This issue cannot be addressed, however, without first considering whether the Board made findings of fact sufficient to provide this court with a rational basis for judicial review. *See* Wyo.Stat. § 16–3–110 (July 1990); *FMC v. Lane,* 773 P.2d 163 (Wyo.1989). Therefore, our initial task is to revisit the doctrine of standing both generally and as it applies to an abandonment proceeding to identify what findings of fact the Board must make before concluding that a petitioner has standing. We must then examine the Board's order to determine if such findings of fact were adequately made, and, if so, whether they were supported by substantial evidence.

■ The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. *Washakie Co. Sch. Dist. No. One v. Herschler,* 606 P.2d 310, 317 (Wyo.1980), *cert. denied,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for

---

1. For a more in-depth exposition of the applicable standard of review, *see, e.g., Amax Coal v. State Bd. of Equalization,* 819 P.2d 825, 828–29 (Wyo.1991); *Mekss v. Wyoming Girl's School,* 813 P.2d 185, 200–02 (Wyo.1991) *cert. denied,* — U.S. —, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992).

judicial or quasi-judicial determination. *Laramie Rivers Co. v. Wheatland Irr. Dist.*, 708 P.2d 20, 27 (Wyo.1985). A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy. *Laramie Rivers*, 708 P.2d at 27 (quoting *Int'l Ass'n Fire Fighters v. Civil Serv. Comm'n*, 702 P.2d 1294, 1297–98 (Wyo. 1985)).

This court has not addressed the issue of what is required to establish standing in an abandonment proceeding since the 1985 amendments to Wyo.Stat. § 41–3–401(b) (1977). Before 1985, § 41–3–401(b) (1977) simply conferred standing upon "any water user who might be affected by a declaration of abandonment." We interpreted this language to require that a petitioner for abandonment allege and prove an injury to his water right due to another appropriator's misuse or nonuse of water. *Cremer v. State Bd. of Control*, 675 P.2d 250, 256 (Wyo.1984) (alleged benefit from abandonment to surplus water right insufficient to confer standing); *Platte County Grazing Ass'n v. State Bd. of Control*, 675 P.2d 1279, 1283–84 (Wyo.1984) (alleged benefit from abandonment to base water right insufficient to confer standing).

In response to this court's 1984 decisions, the Wyoming legislature amended Wyo. Stat. § 41–3–401(b) (1977) to confer standing on "any water user who might be benefitted by a declaration of abandonment of existing water rights or who might be injured by the reactivation of the water right." 1985 Wyo.Sess.Laws ch. 203, § 1 (codified at Wyo.Stat. § 41–3–401(b) (Supp. 1991)). The legislature went on to specify that the following persons would have standing to petition the Board for a declaration of abandonment:

(i) Any person who has a valid adjudicated water right or is the holder of a valid permit from the same source of supply which is equal to or junior in date

of priority to the right for which abandonment is sought; or

(ii) The holder of a valid water right entitled to surplus water under W.S. 41–4–318 through 41–4–324, petitioning to abandon a water right from the same source of supply if the right sought to be abandoned has a priority date of March 1, 1945, or earlier.

*Id.*

 It is a cardinal rule of statutory construction that statutes must be construed so that no part is rendered inoperative or superfluous. *State ex. rel. Wyoming Worker's Comp. Div. v. Mahoney*, 798 P.2d 836, 838 (Wyo.1990). Accordingly, we read Wyo.Stat. § 41–3–401(b), as amended, to confer standing to petition for abandonment upon a water user who alleges and proves three essential facts: (1) that he possesses a valid water right of *equal or junior status* to the water right sought to be abandoned; (2) that the water right relied upon by the petitioner and the water right for which a declaration of abandonment is sought are from the *same source of supply;* and (3) that the petitioner stands to *benefit* from a declaration of abandonment *or* to sustain *injury* by reactivation of the contested water right. Corresponding findings of fact, adequately supported, must also be made by the Board to conclude properly that a petitioner has standing and that the Board has jurisdiction to consider a petition for abandonment. *See* Wyo.Stat. § 16–3–110 (July 1990); *Pan Am. Petroleum Corp. v. Wyoming Oil & Gas Conservation Comm'n*, 446 P.2d 550, 555 (Wyo.1968).

A review of the Board's order in this case reflects that it failed to make the findings of fact necessary to support the conclusion that Carollo had standing to contest Schulthess' water rights. The Board made four findings of fact relative to the standing issue, which, for the purpose of logical progression, will be cited out of order:

12. THAT the petitioner is the owner of original Territorial direct flow water rights on lands described in an adjudicated appropriation that was of record in

the office of the State Board of Control, bearing a priority as of May 15, 1889.

10. THAT the petitioner is the holder of a valid water right entitled to surplus water under W.S. 41–4–318 through 41–4–324, from the same source of supply.

13. THAT the water rights sought to be abandoned have priority dates of January 20, 1916 and January 28, 1931.

11. THAT the petitioner (contestant) has standing as provided by W.S. 41–3–401(b) to petition the State Board of Control to declare the abandonment of the water rights identified in Finding of Fact 1–b above.

The Board was first required to find that Carollo possessed a valid water right of equal or junior status to Schulthess' water rights. The Board made adequate findings of fact in this regard both as to Schulthess' Ham's Fork Creek and Beaver Creek water rights. The Board initially found that Carollo owned a valid territorial water right with a priority date of May 15, 1889, to which a surplus water right with a priority date of March 1, 1945, attached as a matter of law. The Board then noted that Schulthess' water rights had priority dates senior to the priority date of Carollo's surplus water right. These facts are not disputed by the parties.

The Board was next required to find that Carollo's surplus water right from Beaver Creek was from the same source of supply as Schulthess' water rights. On this account, the Board made insufficient findings of fact. The Board merely stated in finding of fact No. 12 that Carollo's surplus water right was from "the same source of supply." There is no dispute among the parties and little question in our mind that Carollo's surplus water right from Beaver Creek and Schulthess' supplemental supply water right from Beaver Creek are from the same source of supply. There is, however, great question as to how or why the Board determined that Carollo's Beaver Creek water right is from the same source of supply as Schulthess' original supply water right from Ham's Fork Creek.

Carollo suggests that we interpret the words "same source of supply" which are employed in Wyo.Stat. § 41–3–401(b)(i) & (ii) to mean "same stream system." Carollo argues that, given such an interpretation, the Board was justified in finding that Schulthess' Ham's Fork Creek water right was from the same source of supply as Carollo's water right from Beaver Creek. We respectfully decline Carollo's invitation on the ground that statutory language is to be given its plain and ordinary meaning absent some contrary indication by the legislature. Wyo.Stat. § 8–1–103(a)(i) (June 1989); *DiVenere v. Univ. of Wyoming*, 811 P.2d 273, 275 (Wyo.1991). We find nothing in Wyo.Stat. § 41–3–401(b) specifically, or in Title 41 generally, to indicate that the legislature intended that the words "same source of supply" mean "same stream system." Quite to the contrary, our review of Title 41 demonstrates that "stream system" and "source of supply" are terms of art employed by the legislature depending upon the result to be achieved. *Compare* Wyo.Stat. § 41–4–318 (1977), Wyo.Stat. § 41–4–329 (Supp.1991), and Wyo.Stat. § 41–3–601 (1977) *with* Wyo. Stat. § 41–3–107 (Supp.1991), Wyo.Stat. § 41–3–114 (Supp.1991), and Wyo.Stat. § 41–3–401 (Supp.1991). Accordingly, we attribute to the words "same source of supply" their plain and ordinary meaning. Doing so, we understand the phrase to require that a petitioner for abandonment allege and prove that the respondent's water right, if not from an identical water source, is from a water source which contributes significantly to the water source upon which the petitioner relies to satisfy his appropriation.

Wyo.Stat. § 16–3–110 requires in pertinent part that "[f]indings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Expounding upon this language, this court has stated "[i]t is insufficient for an administrative agency to state only an ultimate fact or conclusion, but each ultimate fact or conclusion must be thoroughly explained in order for a court to determine upon what basis each ultimate

fact or conclusion was reached. The court must know the *why*." *Geraud v. Schrader*, 531 P.2d 872, 879 (Wyo.1975), *cert. denied*, 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975) (emphasis added). In the instant case, the question *why* lingers: Why did the Board find that Carollo's Beaver Creek water right and Schulthess' Ham's Fork Creek water right are from the same source of supply? Absent a "concise and explicit statement of underlying facts" to support the Board's finding on this regard, we are left with an insufficient basis for proper judicial review. Wyo.Stat. § 16–3–110; *See also, FMC*, 773 P.2d at 165.

█ Finally, the Board was required to find Carollo stood to benefit from the abandonment of Schulthess' water rights or to suffer injury if Schulthess resumed use of the allegedly abandoned water rights. The Board entirely failed to make any findings of fact relative to this standing requirement. Consequently, we are once again left with an insufficient basis for judicial review. *FMC*, 773 P.2d at 165.

█ Carollo nevertheless argues that we should uphold the Board's conclusion regarding standing because he theoretically stood to benefit from the abandonment of Schulthess' water rights. Carollo reasons that, if Schulthess' water rights were abandoned, there would be more unappropriated water in the stream system and a greater chance that he would be able to satisfy his surplus water right. While Carollo's argument may be true in theory, we note that there are no findings of fact in the Board's order or evidence in the record to substantiate the claim in fact. We also note that a litigant's brief or oral argument is no substitute for a proper agency decision. *Geraud*, 531 P.2d at 880.

█ Consistent with Wyoming's general law of standing, this court, and others, has repeatedly interpreted Wyoming's abandonment statutes to require that a petitioner have a "tangible" as opposed to a "theoretical" interest at stake to establish standing. *See, e.g., Hagie v. Lincoln Land Co.*, 18 F.Supp. 637, 639 (D.Wyo.1937) (standing not recognized on theory alone); *Laramie Rivers Co. v. Wheatland Irr.*

*Dist.*, 708 P.2d 20, 30 (Wyo.1985) (standing recognized upon demonstration of injury or threat of inevitable injury); *Horse Creek Conservation Dist. v. Lincoln Land Co.*, 54 Wyo. 320, 342, 92 P.2d 572, 580 (1939) (door is not open for just anybody to initiate abandonment proceedings). Under Wyoming's present abandonment statute, the "tangible interest at stake" requirement necessitates that Carollo allege and prove a reasonable likelihood that the abandonment of Schulthess' water rights will either benefit or injure his surplus water right. *See* Wyo.Stat. § 41–3–401(b).

█ In summary, the Board failed to make findings of fact sufficient to support its conclusion that Carollo had standing to press or that the Board had jurisdiction to entertain Carollo's petition for the abandonment of Schulthess' water rights. Absent sufficient factual findings, this court lacks a proper foundation upon which to conduct further judicial review. Consequently, we hold that the Board's order, which granted in part and denied in part Carollo's petition for abandonment, was issued in a manner which was both arbitrary and capricious and contrary to the law. *See Mountain Fuel Supply Co. v. Public Serv. Comm'n*, 662 P.2d 878, 887–88 (Wyo. 1983).

█ Having disposed of the case as above-stated, it is not necessary that we give in-depth consideration to Schulthess' issues regarding due process of law or sufficiency of the evidence of abandonment. We note, however, that it is incumbent upon a water user to both *allege* in his petition for abandonment and *prove* at a subsequent hearing the facts necessary to establish standing and confer the Board with jurisdiction. That did not happen in this case. Contrary to the requirements of Wyo.Stat. § 41–3–401(b), Carollo relied upon his territorial water right both in his petition and at the hearing to abandon the junior water rights of Schulthess. The Board erred in the first instance by not dismissing Carollo's petition as deficient and in the second instance by judicially noticing Carollo's surplus water right as

the basis for standing without notifying the parties and affording an opportunity for an additional hearing. *See* Wyo.Stat. § 16–3–108(d) (July 1990).

## CONCLUSION

Wyo.Stat. § 41–3–401(b) confers standing only upon those water users who allege and prove three essential facts: (1) equal or junior status; (2) same source of supply; and (3) benefit or injury. Corresponding findings of fact, adequately supported, must also be made by the Board. In the instant case, both Carollo and the Board failed to carry their respective burdens. Consequently, the Board's order, which granted in part and denied in part Carollo's petition for a declaration of abandonment of Schulthess' water rights, is reversed. The case is remanded to the Board with directions that Carollo's petition for abandonment be dismissed.