Terry L. BISHOP, Appellant (Plaintiff),

v.

Judith M. BISHOP, Appellee (Defendant).

No. 96–253.

Supreme Court of Wyoming.

Aug. 14, 1997.

Donald J. Rissler of Central Wyoming Law Associates, P.C., Riverton, for Appellant.

Teresa M. McKee of Moffat & McKee, P.C., Lander, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Terry Bishop (the husband) appeals from the trial court's order which denied his motion for a new trial and his motion to reopen the divorce proceedings. In that order, the trial court clarified its March 29, 1996, order which divided the marital property between the husband and Appellee Judith Bishop (the wife).

We affirm.

## ISSUES

The husband offers the following issues for our analysis:

## ISSUE I

Did the court abuse its discretion in failing to properly take into account the condition of plaintiff and his minor child following the divorce?

## ISSUE II

Did the court abuse its discretion in failing to properly take into account through whom the real property of the parties was acquired?

## ISSUE III

Did the court abuse its discretion in refusing to allow plaintiff cross-examination and rebuttal testimony in the area of fault?

## FACTS

The husband and the wife married each other in March of 1987. Although they individually had children from previous marriages, they did not have children together. The parties lived in Vermont for most of their marriage where the husband owned a sporting goods store and the wife worked as a car sales person.

Early in the marriage, the wife had a brief affair with her boss. When the husband learned about the wife's affair, he had an affair with his daughter's friend. The parties separated, and the wife moved to Dubois in June of 1994. The parties made several attempts at reconciling, but, because their relationship did not improve, they each ultimately sought a divorce from the other.

The parties owned real estate which included a modular home in Dubois; a log home in Bennington, Vermont; property in Eagle Bridge, New York; and property in Hebron, New York. The net proceeds from the sale of a duplex in Bennington, Vermont, are also relevant to this case.

In its March 29, 1996, order, the trial court divided the property in the following manner:

### Division of Assets

| | Asset | Value | Distribution |
|---|---|---|---|
| 1). | Dubois property | $ 78,000 | Judith Bishop |
| 2). | Log Home | $169,000 | 1/2 to each party |
| 3). | Eagle[B]ridge property | $ 18,000 | Terry Bishop |
| 4). | Hebron property | $ 12,000 | Terry Bishop |
| 5). | Net proceeds of duplex sale | $ 72,000 shall be divided: | $22,000 to Terry Bishop<br>$50,000 to Judith Bishop |
| 6). | 1994 Geo Tracker | $ 10,350 | Judith Bishop |
| 7). | 1995 Toyota | $ 14,545 | Terry Bishop |
| 8). | Promissory note | $ 15,000 | Terry Bishop |
| 9). | Art [ ]work:<br>Mr. Bishop's art work<br>Mrs. Bishop's art work | <br>$ 2,200<br>$ 1,500 | <br>Terry Bishop<br>Judith Bishop |

10). Mr. Bishop shall receive the .38 Colt and Remington 700 guns which are marital property.

11). Mr. Bishop shall execute a mortgage to Mrs. Bishop reflecting her half interest in the Vermont [l]og home in the amount of $84,500.

12). Mrs. Bishop shall be allowed to keep all of her jewelry, excluding Mr. Bishop's rings and arrowhead necklaces.

13). The camper was purchased in 1975 and is not a marital asset. Mr. Bishop shall retain the camper.

14). Mrs. Bishop shall be awarded all those items of personal property presently in her possession, in Dubois, excluding those items listed on "2" attached to this order. Mr. Bishop shall be entitled to all those items on "3" attached to this order. Mrs. Bishop shall also be awarded those items listed on attachment "1" of this order.

15). The marital debts are to be divided as follows:

a). Mrs. Bishop shall be responsible for the following[:]

| | | |
|---|---|---:|
| 1). | Her two MasterCard debts | $10,000 |
| 2). | One half of the medical bills | $ 7,000 |
| Mrs. Bishop's total responsibility: | | $17,000 |

b). Mr. Bishop shall be responsible for the following:

| | | |
|---|---|---:|
| 1). | Chittenden Bank MasterCard | $ 4,200 |
| 2). | Visa First Card | $ 5,800 |
| 3). | Visa Choice | $ 3,000 |
| 4). | Key Bank Visa | $ 4,000 |
| 5). | Discover Card | $ 1,600 |
| 6). | Truck loan | $ 7,200 |
| 7). | One half of the medical bills | $ 7,000 |
| Mr. Bishop's total responsibility: | | $32,800 |

16). Mrs. Bishop is entitled to the washer and dryer but shall reimburse Mr. Bishop in the sum of $800.00.

17). Each party shall be responsible for [his/her] own attorney fees. Mrs. Bishop shall be responsible for her attorney fees owed to Tom Dailey.

---

(Footnote omitted). The husband moved for a new trial and requested that the trial court reopen the divorce proceedings. The trial court held a hearing on the matter on May 24, 1996, and entered an order which denied the husband's motions and clarified its March 29, 1996, order by providing legal descriptions for the land and identification numbers for the vehicles. The husband appeals from that order.

## DISCUSSION

### A. Property Division

The husband claims that the trial court abused its discretion by failing to properly take into account the condition in which he and his minor child would be left following the divorce and that the trial court did not consider through whom the real property had been acquired.

In resolving the question of whether the trial court abused its discretion in dividing the property, we begin by looking at the pertinent statute, W.S. 20–2–114, which provides in part:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

In *Lund v. Lund*, 849 P.2d 731, 738–39 (Wyo. 1993), this Court summarized numerous cases which dealt with the issue of marital property division:

We have held, on numerous occasions, that the division of marital property is within the discretion of the trial court and, absent a manifest abuse of that discretion, we do not disturb that result. *Neuman v. Neuman*, 842 P.2d 575 (Wyo.1992); *Mair v. Mair*, 823 P.2d 538 (Wyo.1992) (citing *Williams v. Williams*, 817 P.2d 884 (Wyo. 1991); and *Blanchard v. Blanchard*, 770

P.2d 227 (Wyo.1989)). The trial court determines the appropriate disposition of the marital property and alimony under the statute as an exercise of its sound discretion. *Kennedy v. Kennedy*, 761 P.2d 995 (Wyo.1988) (citing *Broadhead v. Broadhead*, [7]37 P.2d 731 (Wyo.1987)). Our rule is that an abuse of discretion occurs when the disposition shocks the conscience of the court and appears so unfair and inequitable that reasonable persons could not abide it. *Neuman; Grosskopf v. Grosskopf*, 677 P.2d 814 (Wyo.1984) (citing *Paul v. Paul*, 616 P.2d 707 (Wyo.1980), and *Kane v. Kane*, 577 P.2d 172 (Wyo.1978)). In applying these standards, we review the evidence on appeal in the favor of the successful party below, ignoring the evidence of the unsuccessful party, and granting the successful party every reasonable inference that can be drawn from the record. *Kennedy* (*citing Grosskopf*).

■ Although the husband complains throughout his brief that the trial court did not enter special findings of fact, the record does not indicate that the husband ever requested them. Pursuant to W.R.C.P. 52(a), "the parties must request special findings of fact if they are desired, and in the absence of a special finding, a general finding by the trial court carries with it every finding of fact supported by the record." *Deroche v. R.L. Manning Co.*, 737 P.2d 332, 335 (Wyo.1987).

■ The husband's contention that the trial court abused its discretion by failing to take into account the condition in which he and his minor child would be left is without merit. The husband does not direct us to any evidence in the record which would support his contention.

The evidence which was admitted at the trial demonstrated that the husband had custody of his minor child from a previous marriage. Testimony about the value of the Vermont log home, an explanation of the tax consequences which would result if it were sold, and testimony which indicated that both parties preferred to be awarded the Dubois home instead of the Vermont log home were also admitted into evidence. The trial court heard further testimony to the effect that the

wife had obtained a Wyoming realtor's license and that, before moving to Wyoming, the husband had sold the sporting goods business and had signed a covenant not to compete within 100 miles of Bennington, Vermont.

Since, "in the absence of a special finding, a general finding by the trial court carries with it every finding of fact supported by the record," we must presume that the trial court considered the evidence and based its decision on that evidence given the fact that the evidence had been introduced and was before the court. *Id.*

■ The husband's contention that the trial court abused its discretion by failing to take into account through whom the real property had been acquired is similarly without merit. The trial court heard an abundance of evidence relating to how the various properties had been obtained. Although all the facts which were introduced into evidence that pertained to this issue are too numerous to detail, they included: the parties lived together before they were married and jointly purchased real property; the real property at issue in this case was purchased either during the period of their cohabitation or during their marriage; and the real property at issue was titled in their names jointly.

Here again, since the husband did not request special findings of fact, the trial court's general finding is sustained by every finding of fact that may be supported by the record. *Id.* The evidence that the husband claims was not considered by the trial court was abundant in the record. We must, therefore, presume that the trial court considered it and fashioned its order accordingly.

The following comments which were made by the trial court are significant since they demonstrate that, as it was required to do pursuant to W.S. 20-2-114, the trial court carefully reviewed all the evidence and considered the condition in which the parties would be left and through whom the property had been acquired:

> [THE COURT:] I guess I had an advantage that neither counsel had ... if you

were going to argue from the evidence of the two days that was separated by a month in December and January, the two days of evidence that I heard. I had it on Case View, so I spent quite a bit of time going through the testimony of that December hearing as well as the January hearing. . . .

. . . .

The Court did certainly take into account Wyoming Statute 20-2-114. Certainly the credibility of the witnesses is up to the trier of fact to determine, and also to weigh the evidence in light of that credibility or, in some cases, lack of credibility.

## B. Fault of the Parties

█ The husband asserts that the trial court abused its discretion by refusing to allow rebuttal evidence to be introduced and cross-examination to be conducted in the area of fault. At the trial, the wife testified that, as a result of her husband's affair, she suffered a nervous breakdown which caused her to be hospitalized. The husband's attorney attempted to cross-examine the wife to establish that events in her childhood contributed to her nervous breakdown, but the trial court sustained a relevance objection.

This Court has held: "[I]n addition to those factors set forth in the applicable statutes, the court may also consider fault of the respective parties together with all other facts and circumstances surrounding the dissolution of the marriage for purposes of determining division of property." *Grosskopf v. Grosskopf,* 677 P.2d 814, 820 (Wyo.1984). We have also held that the trial court cannot divide the property in such a way that it would punish one of the parties. *Paul v. Paul,* 616 P.2d 707, 715 (Wyo.1980).

The trial court in this case did not refuse to allow evidence to be admitted on the issue of the wife's fault. In fact, it heard ample testimony pertaining to the wife's affair with her boss. The husband, however, maintains that cross-examination into the wife's childhood and how that may have contributed to her nervous breakdown was essential to the issue of fault. We disagree. The record contains plenty of evidence with regard to

the wife's part in the breakup of this marriage, and the husband's concern that the wife's fault was inadequately represented by the evidence is unfounded. The trial court did not abuse its discretion by refusing to allow the wife to be cross-examined on this particular topic.

## CONCLUSION

The trial court did not abuse its discretion in fashioning its property division order or by excluding inquiry into the wife's childhood.

Affirmed.